IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RICHARD GARRIOTT, §
§
Plaintiff, §
§
§ CIVIL ACTION NO. A-09-CA-357-SS
v. §
§
NCSOFT CORPORATION, §
§
Defendant. §
§
§

## DEFENDANT'S ORIGINAL ANSWER

Defendant NCSOFT CORPORATION ("Defendant" or "NCsoft"), by and through its attorneys, hereby answers the Original Complaint (the "Complaint"), filed by Plaintiff RICHARD GARRIOTT ("Plaintiff"), as follows:

### I.   INTRODUCTION

To the extent the Introduction to the Complaint contains any allegations for which the Defendant is required to provide an answer, Defendant denies each and every such allegation in the Introduction, with the exception that Defendant admits Plaintiff became employed by Defendant in connection with an acquisition, that Defendant granted Plaintiff stock options of Defendant in connection with such employment, and that Plaintiff has filed the instant Complaint alleging claims relating to the aforementioned options.

### II.   THE PARTIES

1.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 1 of the Complaint that Plaintiff is an individual resident of Austin, Texas and therefore denies same. (Denials based on insufficient information to form a belief about the truth of an allegation shall heretofore be referenced as denials "for lack of information.")

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

**DEFENDANT'S ORIGINAL  ANSWER**          -1-

### III.    JURISDICTION AND VENUE

3.    Defendant admits that this Court has subject matter jurisdiction over this case.

4.    Defendant admits that part of the alleged events or omissions giving rise to the claims at issue occurred or allegedly occurred in the Western District of Texas, Austin Division.  Defendant denies that venue is proper in this district.

5.    Defendant admits that it is subject to general personal jurisdiction in the State of Texas.  Defendant admits the allegations in Paragraph 5 of the Complaint that it is registered to do business in Texas and has a registered agent for service of process in Texas.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

### IV.    BACKGROUND FACTS

6.    Defendant denies for lack of information all of the allegations contained in Paragraph 6 of the Complaint.

7.    Defendant denies for lack of information all of the allegations contained in Paragraph 7 of the Complaint.

8.    Defendant admits that Plaintiff and his brother were previously associated with Destination Games, Inc. ("Destination Games").  Defendant denies for lack of information all of the remaining allegations contained in Paragraph 8 of the Complaint.

9.    Defendant admits that it acquired Destination Games in or about June 2001. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    Defendant admits that *World of Warcraft* is part of the MMO gaming market. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.    Defendant admits that Plaintiff became employed by Defendant in connection with an acquisition and that Defendant granted Plaintiff stock options of Defendant in connection with such employment.  Defendant admits that a true and correct copy of the Stock Option Agreement between Plaintiff and Defendant relating to such options is attached to the Complaint as Exhibit A (albeit with portions of the text deleted from the bottom of some pages of the agreement) (the "Stock Option Agreement").  Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

**DEFENDANT'S ORIGINAL ANSWER** -2-

12. Defendant admits that, pursuant to the terms of the Stock Option Agreement, Defendant granted Plaintiff stock options that were effective on May 30, 2001 and that such options vested over a period of two (2) years. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that under certain circumstances, the Stock Option Agreement allowed Defendant's Board of Directors to resolve to terminate the Stock Option Agreement and to cancel all of the options granted under that agreement. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff served as the Executive Producer for *Richard Garriott's Tabula Rasa* ("*Tabula Rasa*"), a space-themed MMO computer game, for Defendant, and that Plaintiff managed a team of developers, programmers, and graphic artists at Defendant's offices in Austin, Texas. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that, following the launch of *Tabula Rasa*, Plaintiff took a leave of absence to travel aboard a spacecraft to the International Space Station. Defendant denies for lack of information whether Plaintiff was the son of a Skylab astronaut or whether he "had long dreamed of following his father into space." Defendant also denies for lack of information whether the Russian government opened its space program to civilian travelers in the mid-2000's, whether Plaintiff placed his name on a list for such program and, if so, when he placed his name on such list, and whether, in early 2008, Plaintiff learned that he had been selected to travel aboard the Soyuz spacecraft to the International Space Station later that year. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that it approved a leave of absence relating to the spaceflight. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.   Defendant admits that Plaintiff remained an employee of Defendant while on his leave of absence to prepare for the spaceflight.  Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.   Defendant admits that there was media coverage surrounding Plaintiff's space launch and that this was used to publicize and promote *Tabula Rasa*, a space-themed game, that Plaintiff sent a coded message to the *Tabula Rasa* player-base during his space launch, and that Plaintiff carried the sequenced DNA code of Stephen Hawking and Stephen Colbert with him into space in connection with Defendant's "Operation Immortality" promotion.  Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.   Defendant denies for lack of information the allegations in Paragraph 21 of the Complaint regarding whether Plaintiff returned to Earth in late-October 2008 and whether he had a "successful stint aboard the International Space Station."  Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.   Defendant admits that Plaintiff did not oppose the posting of an "open letter" announcing his departure from Defendant on the *Tabula Rasa* website and that the letter referenced Plaintiff "leaving NCsoft to pursue [new] interests."  Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.   Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.   Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.   Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.   Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.   Defendant admits that Linda Powers instructed Plaintiff to direct questions regarding his stock options to Lee Jae-ho, Defendant's Chief Financial Officer.  Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.   Defendant admits that Plaintiff contacted Lee Jae-ho to discuss his stock options.  Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

**DEFENDANT'S ORIGINAL ANSWER**                    -4-

29.     Defendant admits that Ms. Powers classified Plaintiff's resignation as voluntary after discussing with Chris Chung.  Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits that, following his resignation, Plaintiff stated to Ms. Powers that he had not resigned voluntarily.  Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant admits that, following Plaintiff's resignation, he stated to some employees of Defendant that he had not resigned voluntarily.  Defendant denies for lack of information Plaintiff's state of mind when making these statements.  Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that Plaintiff sought clarification regarding the exercise of his options following his resignation from employment with Defendant.  Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendant admits that certain personnel of Defendant informed Plaintiff that, in light of his voluntary resignation, he would have 90 days to exercise his options.  Defendant admits that following his resignation Plaintiff stated to certain personnel of Defendant that his resignation was not voluntary.  Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits that Plaintiff exercised his options.  Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## V.    CAUSES OF ACTION

40.     Defendant incorporates its responses to the Introduction and Paragraphs 1 through 39 of the Complaint in response to Paragraph 40 of the Complaint.

**DEFENDANT'S ORIGINAL ANSWER**                    -5-

41.     Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant admits that Plaintiff has retained Fish & Richardson, P.C. to represent him in this lawsuit as alleged in Paragraph 48 of the Complaint. Defendant denies for lack of information whether Plaintiff has agreed to pay his counsel for the reasonable attorneys' fees and expenses incurred on his behalf in this lawsuit. Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Defendant incorporates its responses to the Introduction and Paragraphs 1 through 48 of the Complaint in response to Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant admits that Defendant treated Plaintiff's separation as a voluntary resignation. Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant incorporates its responses to the Introduction and Paragraphs 1 through 61 of the Complaint in response to Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant incorporates its responses to the Introduction and Paragraphs 1 through 69 of the Complaint in response to Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

## VI.    JURY DEMAND

75.     Defendant denies the allegations, if any, contained in Paragraph 75 of the Complaint.

## VII.    PRAYER FOR RELIEF

76.     Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief of the Complaint or any relief whatsoever.

## VIII.    DENIAL OF REMAINING ALLEGATIONS

77.     To the extent Plaintiff has made any additional allegations in the Complaint that have not been specifically admitted or denied, Defendant hereby denies same.

## IX.    AFFIRMATIVE DEFENSES

78.     Without waiving the foregoing answers, Defendant asserts the following separate affirmative defenses:

**DEFENDANT'S ORIGINAL ANSWER**                    -7-

## FIRST AFFIRMATIVE DEFENSE

79.     The Complaint, and the purported claims and causes of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

80.     The Complaint in its entirety, or any purported cause of action therein, fails to state facts sufficient to constitute any cause of action entitling Plaintiff to recover any actual, consequential, exemplary, or multiple damages, or any attorneys' fees or costs.

## THIRD AFFIRMATIVE DEFENSE

81.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrines of waiver, laches, unclean hands, estoppel, and/or consent.

## FOURTH AFFIRMATIVE DEFENSE

82.     The Complaint, and each purported cause of action therein, is barred by setoff, ratification, and/or accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

83.     Without admitting that Plaintiff has been injured or damaged in any manner or amount whatsoever, Plaintiff is not entitled to recover for his damages, if any, because he has failed to act reasonably to mitigate his alleged damages, as required by law.

## SIXTH AFFIRMATIVE DEFENSE

84.     The damages allegedly suffered by Plaintiff, if any, are the result of Plaintiff's own conduct or a third party outside of Defendant's control.

## SEVENTH AFFIRMATIVE DEFENSE

85.     Plaintiff has failed to plead facts alleging any claim of fraud against the Defendant with sufficient particularity, as required by the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

86.     Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.

Defendant reserves herein the right to assert additional affirmative defenses, including any defenses under Korean law, in the event discovery indicates they would be appropriate.

Respectfully submitted this 17th day of June, 2009.

WILSON SONSINI GOODRICH & ROSATI

By_____

Laura M. Merritt
Texas Bar No. 00791252
(Attorney-In-Charge for Defendant)
Jason M. Storck
Texas Bar No. 24037559
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone:  512.338.5400
Facsimile:  512.338.5499

**ATTORNEYS FOR DEFENDANT NCSOFT CORPORATION**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 17th day of June, 2009, in accordance with the Federal Rules of Civil Procedure, I served the foregoing Defendant's Original Answer on counsel for Plaintiff, Stephen E. Fox and Kelly D. Hine, Fish & Richardson, P.C., 1717 Main Street, Suite 5000, Dallas, Texas 75201 and Alan D. Albright and William Tommy Jacks, Fish & Richardson, P.C., One Congress Plaza, Suite 810, Austin, Texas 78701, via certified mail, return receipt requested.

_____
Laura M. Merritt

**DEFENDANT'S ORIGINAL ANSWER**                    -9-