IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RICHARD GARRIOTT,                          §
                                           §
              Plaintiff,                    §
                                           §
                                           §    CIVIL ACTION NO. A-09-CA-357-SS
v.                                         §
                                           §
NCSOFT CORPORATION,                        §
                                           §
              Defendant.                    §
                                           §

**DEFENDANT NCSOFT CORPORATION'S EXPEDITED
MOTION FOR A PROTECTIVE ORDER AND BRIEF IN SUPPORT**

Pursuant to the Rule 26(c) of the Federal Rules of Civil Procedure (the "Protective Order"), Defendant NCsoft Corporation ("Defendant" or "NCsoft") hereby files this Expedited Motion for Protective Order and Brief in Support (the "Motion"). This has been brought as an expedited motion due to the fact that the deposition at issue has been noticed to take place in three days.

## I.    INTRODUCTION

On February 19, 2010, two weeks before the discovery deadline, counsel for Plaintiff Richard Garriott ("Plaintiff") noticed the deposition of Defendant's General Counsel, Matthew Esber. During these last two weeks, the parties have already scheduled six depositions in 3 different cities, including Plaintiff's deposition and two expert depositions, which require preparation and travel time. Several of these depositions were scheduled with little advance notice by Plaintiff's counsel, and Defendant has accommodated these last-minute requests to the best of its ability.

Mr. Esber has been known to Plaintiff's counsel since July 2009, if not earlier. Indeed, Plaintiff's counsel objected to his presence at a third party deposition in October of 2009 on the grounds that he might be a witness. However, Plaintiff's counsel did not attempt to set or otherwise clarify this alleged need for his deposition until the discovery period has nearly come

to a close.    Plaintiff's counsel also scheduled the deposition for a specific date when Defendant's counsel had stated they would be unavailable.  For these reasons alone, Mr. Esber should not be required to appear for a deposition on February 26, 2010.

Plaintiff's deposition of Mr. Esber should also be barred because the deposition of a party's counsel is an extraordinary discovery measure only available where a deposing party can demonstrate that the counsel possesses crucial non-privileged information that cannot be achieved through any other means.  *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).  Plaintiff cannot meet this exacting standard.

By serving a Deposition Notice at the eleventh hour, for a date that Plaintiff knew Defense counsel will be unavailable, Plaintiff has made clear that his only intent in deposing Mr. Esber is to harass NCsoft and disrupt the litigation, particularly because the parties are conducting other depositions during the two days prior to the notice date, which would prevent them from having time to prepare the witness.  For these reasons, and those set forth in greater detail below, Defendant's Motion for a Protective Order should be granted.

## II.    STATEMENT OF FACTS

Plaintiff Richard Garriott filed this lawsuit on May 5, 2009 more than nine months ago. Discovery in this case began in earnest more than six months ago, when Plaintiff served his First Request for Production on July 2, 2009.  Discovery has been extensive.  Defendants produced in excess of 50,000 pages of documents in response to Plaintiff's Requests for Production.  Plaintiff has served no less than nine subpoenas for documents and/or depositions. In December 2009, Plaintiff deposed three current or former high level NCsoft executives, including its Chief Financial Officer, its former Chief Executive Officer for North American operations, and its former President of Product Development.

On July 13, 2009, the Court issued a Scheduling Order setting a March 5, 2010 discovery deadline.  As discovery has come to a close, Defendant's counsel has made every effort to accommodate Plaintiff's various last-minute deposition requests, some of which have been demanded with little or no prior notice.

**DEFENDANT NCSOFT CORPORATION'S EXPEDITED**
**MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT**                    **PAGE 2**

For example, on February 2, 2010, without prior consultation with Defendant, Plaintiff served a subpoena on Janna Bureson, a former NCsoft employee, for a deposition to be held on February 9, 2010, one week later.  *See* Appendix, Exh. A.  Plaintiff did not inquire as to Defense counsel's availability for the deposition, but rather informed Defense counsel that Ms. Bureson was being subpoenaed for that date.  Defense counsel did not protest the last-minute nature of the subpoena and made arrangements to be present at the deposition.   When Plaintiff's counsel later requested to reschedule the deposition for February 25, 2010, Defense counsel agreed without hesitation.

On February 16, 2010, Plaintiff's counsel sent an email to Defense counsel asking if Defendant's counsel represented Linda Powers, a former NCsoft employee, and inquiring as to whether Defendant's counsel would accept a subpoena on her behalf.  *See* Appendix, Exh. B. Plaintiff's counsel, however, already knew that Defense counsel represented Ms. Powers; Defense counsel represented Ms. Powers in responding to a *subpoena duces tecum* served upon her by Plaintiff in September, 2009.  The following morning, before Defense counsel had a chance to respond, Plaintiff's counsel served a subpoena on Ms. Powers scheduling a deposition for February 26, 2010, a date when Defense counsel are unavailable.  *See id*.  The service on Ms. Powers coincided with a prescheduled conference call that morning on other open discovery matters, where Plaintiff's counsel easily could have inquired as to Ms. Powers' availability for a deposition.[1]  Despite Plaintiff's conduct, Defendant's counsel worked with Plaintiff and agreed to make her available on March 5, 2010.

On February 16, 2010, during the above-referenced conference call, Plaintiff's counsel requested deposition dates for Matt Esber, Defendant's General Counsel.  *See* Appendix, Exh. C.  During prior conversations near the end of January, 2010, Plaintiff's counsel mentioned the

---

[1] Plaintiff knew about Ms. Powers for well over a year.  Indeed, Plaintiff's counsel interviewed Ms. Powers in or about April, 2009, in preparation for filing the instant lawsuit and subpoenaed documents from her in September, 2009.

possibility of taking Mr. Esber's deposition if NCsoft did not provide additional information regarding certain privilege log entries. NCsoft, in a good faith effort to accommodate Plaintiff, amended its privilege logs on February 11, 2010. During the February 16th call, Plaintiff's counsel stated that, despite receiving the amended privilege logs and resolving those issues, they now wanted to depose Mr. Esber as a material fact witness.[2] Mr. Esber has been known to Plaintiff's counsel since his identity was first disclosed on July 22, 2009 in Defendant's Initial Disclosures. *See id*. Nevertheless, Plaintiff's counsel made no effort to clarify any need for Mr. Esber's deposition until two weeks before the discovery deadline. *See id*.

In response to Plaintiff's last-minute request, Defense counsel stated that they would review the current deposition calendar and discuss the request with their client. Rather than awaiting a response from Defendant's counsel, Plaintiff's counsel noticed Mr. Esber's deposition three days later (the "Deposition Notice"). Plaintiff's counsel noticed Mr. Esber's deposition for February 26, 2010, a date which Plaintiff's counsel well knew that Defense counsel was unavailable. When Defense counsel expressed dismay at Plaintiff's conduct, Plaintiff's counsel described the Deposition Notice as a mere "placeholder," knowing full well that Defendant would be forced to file an expedited Motion for a Protective Order to prevent the deposition from going forward. Notably, Plaintiff offered no excuse for seeking Mr. Esber's deposition at such a late date. Likewise, Plaintiff offered no credible reason to justify its extraordinary request to depose NCsoft's General Counsel.

Plaintiff's delay in serving the Deposition Notice upon Defendant's General Counsel – a witness whom Plaintiff has known about since at least July, 2009 – also renders scheduling an

---

[2] In connection with the parties' prior discussions, Plaintiff's counsel did request dates for Mr. Esber's deposition near the end of January, 2010, and beginning of February, 2010. *See* Appendix, Exh. C. However, Defense counsel has always understood these requests to be tied to open issues regarding the privilege logs, based on the parties' conversations in relation thereto. Once Defense counsel provided the amended logs, Defense counsel considered the issue to be resolved and the need for Mr. Esber's deposition to no longer exist. Plaintiff did not attempt to notice Mr. Esber's deposition at that time, nor did he attempt at any point thereafter to notice the corporate representative deposition also mentioned within those same emails. After serving the amended privilege logs, Defense counsel did not hear anything further regarding this matter until the February 16th conference call.

agreeable deposition date extremely difficult.  Six depositions are currently scheduled between the date of this filing and the discovery deadline.  The days in between are occupied with traveling to and from, as well as preparing for those depositions.  At this late date, deposing Mr. Esber is not only improper, but impracticable.

## III.    ARGUMENT AND AUTHORITIES

### A.    LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure grants the Court broad discretion to "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" upon a showing of good cause.  *See* FED. R. CIV. P. 26(c)(1). Remedies available to the Court include specifying the time and place for discovery or forbidding the discovery entirely.  *See* FED. R. CIV. P. 26(c)(1)(B)–(C).

For the reasons set forth below, NCsoft respectfully requests that the Court exercise its discretion and bar the deposition of Mr. Esber, its General Counsel.

### B.    DEFENDANT'S PROTECTIVE ORDER SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO PROPERLY CONFER WITH DEFENDANT ABOUT DEPOSITION DATES

The Local Rules for the United States District Court, Western District of Texas provides that "*Before* noticing or scheduling a deposition . . . a lawyer should consult and work with opposing counsel to accommodate the needs and reasonable requests of all witnesses and participating lawyers."  Local Rule AT-4(a) (emphasis added).  Plaintiff's counsel clarified a prior request for Mr. Esber's deposition on February 16, 2010.  Rather than waiting for a response, Plaintiff opted to serve the Deposition Notice a mere three days later without any further discussion.  Moreover, Plaintiff had no reason to believe that Defense counsel would unreasonably delay in responding to Plaintiff's request – Defense counsel has gone out of its way to accommodate Plaintiff's last minute deposition requests in recent weeks.  To the extent there was any urgency to the situation it was entirely attributable to Plaintiff's decision to request the deposition in the week before the close of discovery.

Worst of all, Plaintiff noticed the deposition for a day that Plaintiff's counsel already knew Defense counsel would be unavailable. Such bad faith conduct is entirely inexcusable and Defendant's motion should be granted for that reason alone. *Batson v. Neal Spelce Assoc., Inc.*, 112 F.R.D. 632, 645 (W.D. Tex. 1986).

### C.    DEFENDANT'S MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S SOLE PURPOSE IN ISSUING THIS NOTICE IS TO HARASS NCSOFT

Both the Federal Rules of Civil Procedure and the Local Rules protect a party from discovery for purposes of harassment. FED. R. CIV. P. 26(c), Local Rule AT-4(e) ("A lawyer should conduct discovery to elicit relevant facts and evidence and not for an improper purpose, such as to harass"). Plaintiff's harassing purpose in seeking to depose Mr. Esber is evident in multiple respects.

First, if Plaintiff had a proper purpose in deposing Mr. Esber, Plaintiff would have noticed Mr. Esber's deposition months ago. Not only was the Deposition Notice served on the heels of the discovery deadline, it was also served as Defendant is preparing for six separate depositions, including Plaintiff's deposition and depositions of the parties' expert witnesses.

Second, if Plaintiff had any purpose other than to harass Defendant, Plaintiff's counsel would not have knowingly noticed the deposition for a date that Defendant's counsel was entirely unavailable. In doing so, Plaintiff's counsel knew that Defendant's counsel would have no choice but to file a Motion for a Protective Order, wasting valuable time and incurring needless expense.

Plaintiff's harassing purpose is also evident in Plaintiff's failure to articulate a credible reason for Mr. Esber's deposition to date. Plaintiff initially threatened Mr. Esber's deposition as a means to seek additional information on privilege logs provided by NCsoft. Once Defendant completed the burdensome task of amending its privilege logs, and the parties resolved the privilege log issues, Plaintiff then requested Mr. Esber's deposition as an alleged material fact witness less than two weeks before the close of discovery. Plaintiff did so knowing that Mr. Esber's testimony would be largely privileged and that any non-privileged

testimony was available by other means than deposing Defendant's General Counsel, as discussed in more detail below.

### D. DEFENDANT'S MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO PROVIDE REASONABLE NOTICE

Federal Rule of Civil Procedure 30(b)(c) requires parties to provide reasonable notice of a deposition. Although "reasonable notice" is not defined, Rule 32(a)(5)(A) provides that a deposition "must not be used against a party who, having received less than fourteen days' notice of the deposition, promptly moved for a protective order." FED. R. CIV. P. 32(a)(5)(A).

Plaintiff provided only seven days notice of the deposition. Such notice is particularly unreasonable under the circumstances given that it comes at the end of the discovery period, where alternative dates for rescheduling the deposition are unavailable. The notice is also unreasonable given that two depositions have been scheduled between the date of this filing and Mr. Esber's noticed deposition, one of which is Plaintiff's deposition.

Plaintiff's unreasonable notice will severely prejudice NCsoft. In light of the multitude of upcoming depositions, Defendant's counsel has no time to prepare for Mr. Esber's deposition. Likewise, Mr. Esber will have no time to prepare for his own deposition given that he will be serving as the corporate representative at each of the other depositions. Further, as mentioned above, Defendant's counsel will not be available on the noticed date, and the following week has already been filled with four depositions in three cities.

Plaintiff has no excuse for the short notice and delay – Plaintiff's counsel has known of Mr. Esber since at least July, 2009. Plaintiff could have provided reasonable notice months ago but chose not to do so. For the unreasonableness of Plaintiff's notice of deposition, Defendant's Motion should be granted.

### E. THE COURT SHOULD GRANT DEFENDANT'S MOTION BECAUSE PLAINTIFF CANNOT ESTABLISH ANY OF THE THREE *SHELTON* FACTORS REQUIRED TO DEPOSE A PARTY'S COUNSEL

In the Fifth Circuit, the practice of deposing opposing counsel is strongly discouraged because it "disrupts the adversarial system" and "detracts from the quality of client

representation." *Nguyen v. Excel Corp.*, 197 F. 3d 200, 209 (5th Cir. 1999) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (reversing default judgment based on in-house counsel's refusal to answer deposition questions). Depositions of a party's attorney are therefore permitted only in limited circumstances. *Theriot v. Parish of Jefferson*, 185 F.3d 377, 491 (5th Cir. 1999) (affirming district court's decision to quash a subpoena issued to the opposing party's trial attorneys); *Nguyen,* 197 F. 3d at 209. The seminal Eighth Circuit case on the issue, *Shelton v. American Motors Corp.*, provides that depositions of opposing counsel should be permitted only where the deposing party can establish *all* of the following three factors: (1) "the information sought is relevant and nonprivileged"; (2) "no other means exist to obtain the information than to depose opposing counsel" *and* (3) "the information is crucial to the preparation of the case." *Shelton*, 805 F. 2d at 1327; *Nguyen,* 197 F. 3d at 208-9 (Fifth Circuit opinion applying the standard articulated in *Shelton*); *Theriot,* 185 F.3d at 491 (Fifth Circuit opinion citing *Shelton* for proposition that federal courts disfavor the practice of taking the deposition of a party's attorney and affirming District Court's determination that plaintiffs were not entitled to take the deposition of opposing counsel).

With respect to the first factor of the *Shelton* test, Plaintiff has not and cannot show that any relevant information sought from Mr. Esber would not be privileged. Mr. Esber has served for NCsoft in a legal capacity for nearly six years. Prior to this position, Mr. Esber was outside counsel for NCsoft. He later joined NCsoft as its General Counsel in approximately June, 2004. Indeed, Mr. Esber's legal role for the Company should be evident from NCsoft's discovery to date. Defendant's Initial Disclosures list Mr. Esber as the Company's General Counsel. His name appears dozens of times on NCsoft's privilege log, which describes the privileged basis for each communication in great detail. Plaintiff's counsel has failed to identify any non-privileged information it seeks from Mr. Esber. Therefore, Plaintiff cannot satisfy the first of the *Shelton* factors, and Defendant's Motion for a Protective Order should be granted.

**DEFENDANT NCSOFT CORPORATION'S EXPEDITED**
**MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT**                    **PAGE 8**

With respect to the second factor, even if Plaintiff could show that Mr. Esber possessed some non-privileged information relevant to the lawsuit, Plaintiff has long had the opportunity to obtain such information from other sources. Of the more than 50,000 pages of documents produced by NCsoft, Mr. Esber's name appears very infrequently, and only in the context of announcements or information that was communicated to Mr. Esber along with other executives and employees. NCsoft has deposed or will depose several current and former executives and employees – including TJ Kim (Chief Executive Officer) (to be scheduled); Jaeho Lee (NCsoft's Chief Financial Officer) (deposed on December 8-9, 2009), Chris Chung (NCsoft's former President Chief Executive Officer for its North American operations) (deposed on December 10, 2009), Jeff Strain (former Director of Product Development) (deposed on October 27, 2009), Janna Bureson (a former NCsoft public relations employee) (deposition scheduled for February 25, 2010), and Linda Powers (NCsoft's former Human Resources Director) (deposition scheduled for March 5, 2010).

NCsoft also identified fifteen other current and former employees and former employees of NCsoft with knowledge relevant to NCsoft's claims or defenses in its Initial Disclosures. *See* Appendix, Exh. D. These employees and former employees have knowledge on a broad range of topics including NCsoft's general corporate matters, Plaintiff's separation of employment from NCsoft, Plaintiff's stock options and stock, and the terms and conditions of Plaintiff's employment at NCsoft. Any non-privileged information relevant to the lawsuit and known by Mr. Esber would be known by the various witnesses included in Defendant's Initial Disclosures, many of whom have been or will be deposed and others whom have been subpoenaed for documents. Accordingly, Plaintiff cannot satisfy the second *Shelton* factor.

The third *Shelton* factor requires that the information sought from Mr. Esber be critical to Plaintiff's case. Not only will Plaintiff be unable to make such a showing, he has never even alleged that Mr. Esber possesses critical non-privileged information. Plaintiff therefore fails each of the three *Shelton* factors, all of which must be proven to overcome the Fifth Circuit's

strong reluctance to allow a party to depose opposing party's counsel.[3]  As a result, Defendant's Motion for a Protective Order should be granted.

## IV.    CONCLUSION

For the reasons set forth above, NCsoft requests that the Court grant its request for a Protective Order barring this deposition.  Defendant also respectfully requests that it be granted its attorneys fees and costs incurred in connection with bringing this motion and that Defendant be awarded any other relief, whether in law or equity, to which it may be justly entitled. Defendant has filed this as an expedited motion and seeks expedited relief in light of the current deposition setting that is only three days from filing of this motion.

Dated:  February 23, 2010

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By:     /s/: Jason M. Storck

Laura M. Merritt
Texas Bar No. 00791252
Jason M. Storck
Texas Bar No. 24037559
Clayton Basser-Wall
Texas Bar No. 24054189
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone:  512.338.5400
Facsimile:  512.338.5499

**ATTORNEYS FOR DEFENDANT NCSOFT CORPORATION**

---

[3] NCsoft also notes that requiring a party's in house counsel to be deposed anytime such counsel provides advise their client on a particular matter would likely have a chilling effect on the role served by counsel.  This further mitigates against the need for Mr. Esber to be deposed in light of the other witnesses and information available and the other reasons set forth above.

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I have complied with the meet and confer requirements of the Local Rules and that this Motion is opposed.  Counsel for Plaintiff and Counsel for Defendant conferred on regarding this Motion.  Discussions ended at an impasse, leaving an open issue for the Court to resolve as set forth in the motion.

By: _____/s/: Jason M. Storck_____
         Jason M. Storck

**CERTIFICATE OF SERVICE**

By my signature below, I certify that on this 23rd day of February, 2010, in accordance with the Federal Rules of Civil Procedure, I electronically filed the foregoing Motion for Protective Order and Brief in Support with the Clerk of the Court using the CM/ECF system, which will send notice to counsel for Plaintiff, Stephen E. Fox and Kelly D. Hine, Fish & Richardson, P.C., 1717 Main Street, Suite 5000, Dallas, Texas 75201 and William Tommy Jacks, Fish & Richardson, P.C., One Congress Plaza, Suite 810, Austin, Texas 78701.

By: _____/s/: Jason M. Storck_____
Jason M. Storck