**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD GARRIOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. A09 CA 357 SS** |
| | § | |
| **NCSOFT CORPORATION,** | § | |
| | § | **JURY DEMANDED** |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT NCSOFT CORPORATION'S EXPEDITED**
**MOTION FOR A PROTECTIVE ORDER AND BRIEF IN SUPPORT**

Plaintiff Richard Garriott respectfully submits this Response to Defendant NCsoft Corporation's Expedited Motion for a Protective Order and Brief in Support ("Defendant's Motion"), and would respectfully show the Court as follows:

## I.    Summary of Response

Both parties have identified Matt Esber as being a material fact witness and as a likely witness at trial. He is NCsoft's corporate Secretary in addition to being its U.S. General Counsel, and he was directly involved in the decision to fire Mr. Garriott, in the decision to re-characterize that firing as a voluntary resignation, and in the decision to deprive Mr. Garriott of his stock option rights based on that re-characterization. Both parties have long known that Mr. Esber should be deposed.

Plaintiff has long sought that deposition. Plaintiff's counsel first raised the need to depose Mr. Esber in August of last year. Plaintiff's counsel raised the issue again in October and November while trying to schedule the deposition of NCsoft's corporate representative and raised the issue again in December after receiving a materially

deficient privilege log from Defendant and after Defendant's corporate representative was unable to testify on several topics.  Each time, Defendant's counsel pushed to leave the issue of Matt Esber's deposition for another day.  Each time, Plaintiff's counsel, in an effort to accommodate Defendant's counsel, agreed to wait.

NCsoft's delay continued into January of this year forcing Plaintiff's counsel to press the issue more directly.  After receiving no response to repeated requests for specific dates on which NCsoft would present Matt Esber—an individual (1) who NCsoft identified as having discoverable information, (2) on whom NCsoft relied to answer Plaintiff's interrogatories, and (3) who NCsoft listed as a potential trial witness—Plaintiff noticed Mr. Esber's deposition as a last resort when Defendant would not cooperate.  Though Plaintiff repeatedly offered to reschedule Mr. Esber's deposition, if necessary, to accommodate the schedule of the witness or of Defendant's counsel, Defendant's counsel refused to discuss rescheduling.  Instead, NCsoft filed Defendant's Motion in an effort to avoid ever presenting Mr. Esber for a deposition.

Plaintiff respectfully requests that the Court deny Defendant's Motion for at least the following reasons:

- Defendant has placed Matt Esber's testimony at issue by identifying him as a material fact witness and a potential trial witness for Defendant;

- Plaintiff provided sufficient notice of its intention to depose Mr. Esber and offered to reschedule that deposition if needed;

- Mr. Esber is a corporate officer of NCsoft with relevant and non-privileged information;

- NCsoft cannot claim privilege for many of the business decisions in which Mr. Esber participated in his separate role as corporate counsel;

- NCsoft has exhausted other means of discovery; and

- Mr. Esber's testimony is crucial to proving that NCsoft knowingly deceived Mr. Garriott in an intentional effort to harm him financially.

## II.     Factual Background

NCsoft has identified Matt Esber as a material fact witness and a potential defense witness at trial.  *See* Defendant's Designation of Potential Witnesses, Experts, and Proposed Exhibits at 2 (Docket #24), attached as Exhibit "A."  In addition to being NCsoft's U.S. General Counsel, he is Defendant's corporate Secretary.  *See id*.  As a corporate officer of NCsoft, he was directly involved in the decision to fire Mr. Garriott, in the decision to fraudulently re-characterize that firing as a voluntary resignation, and in the decision to deprive Mr. Garriott of his stock option rights based on that fraud. Defendant listed Mr. Esber as a witness in its initial disclosures and listed him again as a witness in a court filing two weeks ago.  *See* Defendant's Initial Disclosures at 3, attached as Exhibit "B."  Defendant has long known that Mr. Esber should be deposed and readily admits that he has relevant information concerning Plaintiff's claims.

Plaintiff has long made clear its position that Mr. Esber is a material fact witness and sought his deposition accordingly.  In August of last year, Plaintiff's counsel first discussed the need to depose Mr. Esber in a telephone conversation with Defendant's counsel after NCsoft identified Mr. Esber as one of only two people (both in-house counsel) from whom NCsoft obtained the information used to respond to Plaintiff's interrogatories.  *See* Defendant's Answers and Objections to Plaintiff Richard Garriott's

First Set of Interrogatories at 16, attached as Exhibit "C;" Letter to Jason M. Storck from Kelly D. Hine (Aug. 21, 2009) at 3, attached as Exhibit "D."

Plaintiff's counsel raised the issue of deposing Matt Esber again with Defense counsel in October and November in the context of trying to obtain dates for the deposition of NCsoft's corporate representative. Plaintiff had been asking for dates for that deposition since June, but Defendant had repeatedly delayed its document production and had repeatedly failed to provide specific deposition dates in response to Plaintiff's requests. See Letter to Laura M. Merritt from Kelly D. Hine (June 25, 2009), attached as Exhibit "E;" Letter to Laura Merritt from Stephen E. Fox (Nov. 4, 2009), attached as Exhibit "F." Despite identifying Mr. Esber as the only U.S.-based employee to provide information forming the basis to NCsoft's response to Plaintiff's interrogatories, NCsoft designated a different employee, Jaeho Lee, to testify as the company's representative. In numerous correspondence and conversations leading up to that deposition, the parties' counsel discussed the need to present Mr. Esber to testify instead. *See*, *e.g.*, Letter to Laura Merritt from Kelly D. Hine (Nov. 17, 2009) at 1, 2, attached as Exhibit "G;" Email among Kelly Hine, Jason Storck, Laura Merritt, Stephen Fox and Darla Hall (Nov. 30, 2009) at 1, attached as Exhibit "H." Furthermore, the parties' counsel discussed on numerous occasions Plaintiff's position that because Mr. Esber was a material fact witness, he could not attend other witness's depositions and could not serve as counsel of record for Defendant in this matter. *See* Exhibit "G" at 1.

Plaintiff raised the issue of Mr. Esber's deposition again in December after receiving a materially deficient privilege log from Defendant and after Defendant's

chosen corporate representative was unable to answer basic questions regarding NCsoft's positions at the initial deposition. See Letter to Jason Storck from Kelly D. Hine (Dec. 17, 2009), attached as Exhibit "I;" Letter to Laura Merritt from Kelly D. Hine (Jan. 6, 2010), attached as Exhibit "J." Each time, Defendant's counsel either ignored Plaintiff's requests or pushed to leave the issue of Matt Esber's deposition to another day. Each time, Plaintiff's counsel, in an effort to accommodate and to cooperate with Defendant's counsel, agreed to wait.

By January of this year, it was becoming increasingly apparent, however, that Defendant was intentionally delaying the resolution of these discovery issues. As a result, Plaintiff's counsel began to press the issue of Mr. Esber's deposition more directly. *See* Email among Kelly Hine, Clayton Basser-Wall, Laura Merritt, Jason Storck and Stephen Fox (Jan. 26, 2010), attached hereto as Exhibit "K." After receiving no response from Defendant's counsel, Plaintiff's counsel requested dates again for Mr. Esber's deposition on February 2, 2010. *See* Email among Kelly Hine, Clayton Basser-Wall, Laura Merritt, Jason Storck and Stephen Fox (Feb. 2, 2010), attached hereto as Exhibit "L." Defendant's counsel again ignored the request. *See* Email among Kelly Hine, Clayton Basser-Wall, Laura Merritt, Jason Storck and Stephen Fox (Feb. 5, 2010), attached hereto as Exhibit "M."

Because Defendant's counsel was continuing to ignore Plaintiff's request for specific dates on which to depose Matt Esber—an individual (1) who NCsoft identified as being likely to have discoverable information, (2) on whom NCsoft relied to answer interrogatories, and (3) who NCsoft named as potential trial witness—Plaintiff's counsel

wrote to Defendant's counsel to inform them of Plaintiff's intention to notice Mr. Esber's deposition if NCsoft would not provide an available date. *See* Email among Kelly Hine, Clayton Basser-Wall, Laura Merritt, Jason Storck and Stephen Fox (Feb. 19, 2010), attached hereto as Exhibit "N." When Defense counsel again tried to delay, Plaintiff served the deposition notice to preserve the right to depose Mr. Esber. *See id.* Though Plaintiff set the date unilaterally, Plaintiff's counsel repeatedly offered to reschedule Mr. Esber's deposition to accommodate the schedule of the witness and of Defendant's counsel. *See id.*; *See* Email among Kelly Hine, Clayton Basser-Wall, Laura Merritt, Jason Storck and Stephen Fox (Feb. 23, 2010), attached hereto as Exhibit "O." Rather than respond to Plaintiff's offers to reschedule, however, NCsoft filed the present motion.

### III.    Argument and Authorities

**A.    Plaintiff Repeatedly Attempted to Confer with Defendant Regarding Deposing Mr. Esber and Provided More than Adequate Notice of Plaintiff's Intent to Do So.**

As the above-described facts make clear, in no way did Plaintiff attempt to suddenly and without adequate notice set the deposition of Mr. Esber. For months Plaintiff's counsel conferred with Defendant's counsel regarding Plaintiff's contention that Mr. Esber is a material fact witness and about the need to depose him. Indeed, the correspondence makes plain that it was Plaintiff's position all along that Mr. Esber was a material fact witness, and NCsoft's disclosures and witness list agree. *See, e.g.,* Exhibit "G" at 1.

Moreover, there is simply no question that Plaintiff's counsel in January memorialized their repeated requests for Mr. Esber's deposition, stating: "We would also like to depose Matt Esber after resolving the NCsoft/Jeff Strain privilege log issues and after completing the NCsoft corporate representative deposition." *See* Exhibit "K" at 1. That correspondence was unequivocal and was neither conditioned upon nor limited to the privilege log dispute. Indeed, the email makes clear that Plaintiff sought to depose Mr. Esber "**after resolving**" the privilege log issues, not **instead of** resolving them. Plaintiff's counsel had discussed the need for Mr. Esber's deposition many times with Defendant's counsel before then, but there is no doubt that the January 26, 2010, email made that request clear—**over five weeks before the discovery cut off**.

Since January, Plaintiff has repeatedly requested that Defendant provide a date for Mr. Esber deposition, and Plaintiff has offered on numerous occasions to accommodate Defendant's counsel's schedule in setting a mutually agreeable time. *See* Exhibits "L" & "N." In sum, Defendant's contention that Plaintiff noticed this deposition without adequate conferral, without adequate notice, and for the sole purpose of harassment is untrue.

## B.    Plaintiff is Entitled to Take Mr. Esber's Deposition.

Defendant contends that the Court's analysis here is controlled by the Fifth Circuit's explication and adoption of the Eighth Circuit's decision in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), which provides for a three-factor-test to determine whether a party may depose the opposing party's counsel. *See* Defendant's Motion at 7-9 (*citing Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999)). Defendant,

however, fails to apprise this Court that the *Shelton* test was created by the Eighth Circuit and applied by the Fifth Circuit in cases where the party sought to depose the opposing party's ***trial* counsel** regarding issues relevant to the lawsuit—not a corporate employee who happens to be a lawyer. As other courts have found, *Shelton*'s test is inapplicable where a party seeks to depose an opposing party's in-house counsel regarding that counsel's participation in the underlying business decision at bar. *See Anserphone of New Orleans, Inc. v. Protocol Commc'ns., Inc.*, No. Civ. A. 01-3740, 2002 WL 31016572, at *2 (E.D. La. Sept. 9, 2002) (holding that "*Shelton* is inapplicable" where party sought to depose in-house counsel regarding that counsel's participation in negotiation and drafting of contract at issue in dispute); *Wright v. Life Investors Ins. Co. of America*, No. 2:08-CV-03-P-A, 2009 WL 4347024 (N.D. Miss. Nov. 24, 2009) (in employment dispute, holding that in-house counsel did not fit the definition of "opposing counsel" as discussed in *Shelton*).

Because *Shelton* is inapplicable here, the appropriate standard is much less onerous than that which Defendant offers. Plaintiff is "only required to show that Mr. [Esber] possesses information relevant to [his] claims." *Anserphone*, 2002 WL 31016572, at * 2. On that score, in addition to being NCsoft's U.S. General Counsel, Mr. Esber is Defendant's corporate Secretary and participated in the decision to fire Plaintiff, in the decision to fraudulently re-characterize that firing as a voluntary resignation, and in the decision to deprive Mr. Garriott of his stock option rights based on that fraud. Mr. Esber, therefore, plainly has information relevant to Plaintiff's claims. Indeed,

Defendant listed Mr. Esber as a witness in its initial disclosures and listed him again as a potential witness who the Defendant might call at trial in a court filing two weeks ago.

Moreover, none of the information sought is privileged. The "attorney client privilege applies only to legal services and does not apply to business or personal services. The privilege cannot extend to those disclosures which were made for business purposes, whether or not anyone had an interest in legal advice." *Wright*, 2009 WL 4347024, at *2 (internal citations omitted). Plaintiff wishes to depose Mr. Esber in relation to his role as Secretary of Defendant and his participation in the business decisions to terminate Plaintiff, to characterize that decision as a voluntary resignation, and to deprive Plaintiff of his stock options.[1] Accordingly, no privilege attaches to Mr. Esber's participation in these business activities.[2]

## IV.    Prayer

For all of the reasons detailed above, Plaintiff respectfully requests the Court to deny Defendant's Motion for Protective Order and award Plaintiff any other relief to which he may justly be entitled.

---

[1] Moreover, Mr. Esber's active participation in the scheme to defraud Plaintiff would not be protected from disclosure under the crime/fraud exception to the attorney client privilege. *United States v. Zolin*, 491 U.S. 554, 562-63 (1989). Defendant may also have waived privilege by placing Mr. Esber's knowledge at issue or by offering Mr. Esber's services to Mr. Garriott which removed the expectation of confidentiality that is necessary to sustain privilege.

[2] Alternatively, even if the *Shelton* test applied (which it does not), Plaintiff has satisfied all three parts of the test. As discussed above, (1) Mr. Esber has relevant information that is not privileged; (2) Plaintiff has unsuccessfully sought to obtain this relevant information from other sources (*e.g.*, interrogatories and the corporate representative deposition of Jaeho Lee); and (3) the information Mr. Esber possesses is necessary for Plaintiff to adequately prosecute this case, particularly the claims for fraud.

Dated:  February 25, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.


By:    /s/ Kelly D. Hine
        Stephen E. Fox
        Texas Bar No. 07337260
        sfox@fr.com
        Kelly D. Hine
        Texas Bar No. 24002290
        hine@fr.com

        1717 Main Street, Suite 5000
        Dallas, TX  75201
        (214) 747-5070 (Telephone)
        (214) 747-2091 (Facsimile)


        William Tommy Jacks
        Texas Bar No. 10452000
        jacks@fr.com

        One Congress Plaza, Suite 810
        111 Congress Avenue
        Austin, Texas 78701
        (512) 472-5070 (Telephone)
        (512) 320-8935 (Facsimile)

Attorneys for Plaintiff
RICHARD GARRIOTT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 25, 2010 on the following counsel of record via email:

Laura M. Merritt                           Attorneys for Defendant
Jason M. Storck                            NCsoft Corporation
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy.
Las Cimas IV, Fifth Floor
Austin, Texas  78746-5546


/s/ Kelly D. Hine
Kelly D. Hine