**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD GARRIOTT,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. A09 CA 357 SS** |
| **v.** | § | |
| | § | |
| | § | |
| **NCSOFT CORPORATION,** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S SUMMARY JUDGMENT EVIDENCE**

Plaintiff Richard Garriott ("Plaintiff" or "Garriott") respectfully files this Motion to Strike the Summary Judgment Evidence offered by Defendant NCsoft Corporation ("NCsoft" or "Defendant") in the Appendix to Defendant's Motion for Summary Judgment as follows:

**Declaration of Dong-Yeol Byeon**

Plaintiff objects to Defendant's use of the Declaration of Dong-Yeol Byeon (the "Declaration") in support of Defendant's Motion for Summary Judgment. Defendant offers the Declaration in support of its contention that the rules regarding the recovery of attorney's fees for breach of contract differ between Korean and Texas law. Because Defendant refused to allow Plaintiff discovery on the factual basis for Defendant's affirmative defense regarding the recovery of attorney's fees and costs, and because Defendant failed to identify Dong-Yeol Byeon as an expert witness as required under the Federal Rules, the Declaration should be stricken from the summary judgment record.

Plaintiff has repeatedly sought to take discovery on Defendant's basis for asserting its affirmative defense to Plaintiff's claims for attorney's fees and costs. Specifically, on October

22, 2009, Plaintiff noticed the deposition of Defendant's corporate representative to provide testimony regarding, among other things, the "factual basis for each defense raised by NCsoft in response to Plaintiff's claims." *See* Plaintiff's Notice of Intent to Take the Oral and Videotaped Deposition of Defendant's Corporate Representative at p.9, a true and correct copy of which is attached hereto as **Exhibit "A."** On November 6, 2009, Defendant filed its First Amended Answer, which specifically plead the choice of law affirmative defense. *See* Defendant's First Amended Answer at ¶84. On December 8, 2009 at the deposition, however, Defendant's corporate representative was unable to identify the factual basis for any of Defendant's affirmative defenses, including Defendant's choice of law affirmative defense as plead in Defendant's Answer. *See* Transcript of Deposition of Jae Ho Lee at 46:08-50:14, true and correct excerpts of which are attached hereto as **Exhibit "B."**

After the deposition, Plaintiff's counsel contacted Defendant's counsel and requested that Defendant produce a corporate representative to testify on this and other topics upon which the previous corporate representative was unable to offer testimony. *See* January 6, 2010 Letter from Hine to Merritt, a true and correct copy of which is attached hereto as **Exhibit "C."** Defendant, however, refused to produce a corporate representative to testify on this topic. *See* February 10, 2010 Letter from Storck to Hine, a true and correct copy of which is attached hereto as **Exhibit "D."**

To date, Defendant has remained steadfast in its refusal to produce a witness to testify regarding the factual basis for its affirmative defense. Accordingly, Defendant should not now be allowed to introduce evidence in support of summary judgment to prove up a defense to which Plaintiff has been barred from seeking discovery. *See* Fed. R. Civ. P. 26 & 37(c).

Moreover, Defendant should not be allowed to introduce expert testimony at the summary judgment stage when the expert was never before disclosed to Plaintiff.  Specifically, on February 12, 2010, Defendant filed its Designation of Potential Witnesses, Experts, and Proposed Exhibits ("Defendant's Expert Designations").  Conspicuously absent, however, was any mention of Dong-Yeol Byeon.  Indeed, Defendant's Expert Designations identify James (Jody) Scheske as Defendant's attorney's fees expert.  *See* Defendant's Expert Designations at p.5.  In fact, Dong-Yeol Byeon was never identified as a potential witness (expert or otherwise) in any previous disclosures or pleadings in this matter.  *See* Defendant's First Amended Disclosures, a true and correct copy of which is attached as **Exhibit "E."**

Under the plain terms of Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial."  Because Defendant refused to provide needed discovery on its choice of law defense, and because Defendant failed to identify Dong-Yeol Byeon as a witness (expert or otherwise), Plaintiff will be substantially prejudiced without justification or excuse if Defendant is allowed to offer the Declaration in support of its Motion for Partial Summary Judgment.  Accordingly, Plaintiff respectfully requests that the Declaration be stricken from the summary judgment record.

Dated:  April 13, 2010                                    Respectfully submitted,


                                                         FISH & RICHARDSON P.C.


                                                         By:  /s/ Stephen E. Fox
                                                               Stephen E. Fox
                                                               Texas Bar No. 07337260
                                                               sfox@fr.com
                                                               Kelly D. Hine
                                                               Texas Bar No. 24002290
                                                               hine@fr.com

                                                               1717 Main Street, Suite 5000
                                                               Dallas, TX  75201
                                                               (214) 747-5070 (Telephone)
                                                               (214) 747-2091 (Facsimile)

                                                               William Tommy Jacks
                                                               Texas Bar No. 10452000
                                                               jacks@fr.com

                                                               One Congress Plaza, Suite 810
                                                               111 Congress Avenue
                                                               Austin, Texas 78701
                                                               (512) 472-5070 (Telephone)
                                                               (512) 320-8935 (Facsimile)

                                                               Counsel for Plaintiff
                                                               RICHARD GARRIOTT


                              **CERTIFICATE OF CONFERENCE**

       Pursuant to Local Rule CV-7(h), the undersigned hereby certifies that counsel for Plaintiff
has sought to confer in a good-faith attempt to resolve the matter by agreement.  Counsel for
Defendant was unable to respond to Plaintiff's counsel's attempts to confer concerning this Motion
and, therefore, Plaintiff's counsel assumes that Defendant's counsel opposes the relief requested in
the Motion.



                                                         /s/ Stephen E. Fox
                                                         Stephen E. Fox

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 13, 2010, on the following counsel of record via email:

Laura M. Merritt                                Attorneys for Defendant
Jason M. Storck                                 NCsoft Corporation
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy.
Las Cimas IV, Fifth Floor
Austin, Texas  78746-5546


/s/ Kelly D. Hine
Kelly D. Hine