IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RICHARD GARRIOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. A09 CA 357 SS** |
| **v.** | § | |
| | § | |
| | § | |
| **NCSOFT CORPORATION,** | § | **JURY DEMANDED** |
| | § | |
| **Defendant.** | | |

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
### STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Richard Garriott ("Plaintiff" or "Garriott") respectfully files these Objections to Defendant NCsoft Corporation's ("NCsoft" or "Defendant") Statement of Undisputed Facts:

**Statement No. 2**

Plaintiff objects to Defendant's statement that "NCsoft has its principal place of business in Seoul, South Korea." Rather, Plaintiff alleges that NCsoft has "a" principal place of business in Seoul.

**Statement No. 3**

Plaintiff objects to Defendant's statement that "NCsoft is publicly traded on the Korean stock exchange." Rather, Plaintiff contends that NCsoft's "stock" is traded on the Korean stock exchange.

**Statement No. 17**

Plaintiff objects to Statement No. 17 in so far as NCsoft contends that the company "would" cancel Plaintiff's options 90 days after his separation. Rather, Plaintiff contends that under the SOA, NCsoft "could" cancel his options if Plaintiff voluntarily terminated or resigned his employment.

**Statement No. 20**

Plaintiff objects to Statement No. 20 in its entirety.  As explicated fully in Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Plaintiff contends that Mr. Chung told Plaintiff that his time at NCsoft was "over," that NCsoft had decided that it was time for them to "part ways," and that this decision was "final."  (Richard Garriott Dep. at 63:9-64:17; 66:5-66:17).

**Statement No. 21**

Plaintiff objects to Statement No. 21 in its entirety.  Plaintiff contends that Mr. Chung, by using the language quoted above, conveyed that Plaintiff was being terminated.

**Statement No. 22**

Plaintiff objects to Statement No. 22 in its entirety.  Plaintiff contends that Mr. Chung, by using the language quoted above, conveyed that Plaintiff was being terminated.  Furthermore, NCsoft's human resources manager, Linda Powers, told Mr. Garriott that his termination had been part of an ongoing "reduction" associated with NCsoft's decision to end Tabula Rasa. (Linda Powers ("Powers") Dep. at 207:1-208:6; Richard Garriott Dep. at 127:15-18).

**Statement No. 23**

Plaintiff objects to Statement No. 23 in so far as NCsoft refers to a "signed statement" by Plaintiff.  Rather, the "statement" referred to was in fact an open letter prepared by NCsoft to the *Tabula Rasa* community.  (Jenna Bureson Dep. at 68:22-69:16; 93:11-18 & Exh. 106; Richard Garriott Dep. at 315:21-316:6).

**Statement No. 24**

Plaintiff objects to Statement No. 24 in so far as NCsoft claims that the open letter "did not contain any implication that Plaintiff's separation was involuntary."  Rather, Plaintiff claims

that the open letter does contain implications that Plaintiff's separation was involuntary.

**Statement No. 28**

Plaintiff objects to Statement No. 28 in so far as it selectively uses quotes out of context and, therefore, does not accurately convey the message conveyed by the quoted statement.

**Statement No. 30**

Plaintiff objects to Statement No. 30 in so far as it selectively uses quotes out of context and, therefore, does not accurately convey the message conveyed by the quoted statement.

**Statement No. 32**

Plaintiff objects to Statement No. 32 in so far as it selectively uses quotes out of context and, therefore, does not accurately convey the message conveyed by the quoted statement.

**Statement No. 34**

Plaintiff objects to Statement No. 34 in so far as it selectively uses quotes out of context and, therefore, does not accurately convey the message conveyed by the quoted statement.

**Statement No. 35**

Plaintiff objects to Statement No. 35 in so far as it selectively uses quotes out of context and, therefore, does not accurately convey the message conveyed by the quoted statement.

**Statement No. 36**

Plaintiff objects to Statement No. 36 in so far as it selectively uses quotes out of context and, therefore, does not accurately convey the message conveyed by the quoted statement.

**Statement No. 37**

Plaintiff objects to Statement No. 37 in so far as it selectively uses quotes out of context and, therefore, does not accurately convey the message conveyed by the quoted statement.

**Statement No. 39**

Plaintiff objects to Statement No. 39 in so far as it selectively uses quotes out of context and, therefore, does not accurately convey the message conveyed by the quoted statement.

Dated:  April 13, 2010                                   Respectfully submitted,


                                                        FISH & RICHARDSON P.C.


                                              By:  /s/ Stephen E. Fox
                                                    Stephen E. Fox
                                                    Texas Bar No. 07337260
                                                    sfox@fr.com
                                                    Kelly D. Hine
                                                    Texas Bar No. 24002290
                                                    hine@fr.com

                                                    1717 Main Street, Suite 5000
                                                    Dallas, TX  75201
                                                    (214) 747-5070 (Telephone)
                                                    (214) 747-2091 (Facsimile)

                                                    William Tommy Jacks
                                                    Texas Bar No. 10452000
                                                    jacks@fr.com

                                                    One Congress Plaza, Suite 810
                                                    111 Congress Avenue
                                                    Austin, Texas 78701
                                                    (512) 472-5070 (Telephone)
                                                    (512) 320-8935 (Facsimile)

                                              Counsel for Plaintiff
                                              RICHARD GARRIOTT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 13, 2010, on the following counsel of record via email:

Laura M. Merritt                              Attorneys for Defendant
Jason M. Storck                               NCsoft Corporation
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy.
Las Cimas IV, Fifth Floor
Austin, Texas  78746-5546


                                              /s/ Stephen E. Fox
                                              Stephen E. Fox