## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RICHARD GARRIOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. A09 CA 357 SS** |
| **v.** | § | |
| | § | |
| **NCSOFT CORPORATION,** | § | |
| | § | **JURY DEMANDED** |
| **Defendant.** | § | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Richard Garriott respectfully submits his Proposed Jury Instructions and Interrogatories in the attached Exhibit "A."  The parties have conferred regarding these Instructions and Interrogatories, to the extent the parties have agreed to the submission of an instruction or interrogatory, it is noted as "**Agreed**" on the specific instruction or interrogatory.  Otherwise, the Instructions and Interrogatories are contested.  Plaintiff reserves the right to alter, amend, add, or delete instructions as necessary or appropriate to conform to the evidence and ultimate issues at trial, and in response to any proposed question or instruction submitted by Defendant NCsoft Corporation ("NCsoft" or "Defendant").

Dated:  June 25, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  */s/ Stephen E. Fox*
     Stephen E. Fox
     Texas Bar No. 07337260
     sfox@fr.com
     Kelly D. Hine
     Texas Bar No. 24002290
     hine@fr.com

     1717 Main Street, Suite 5000
     Dallas, TX  75201
     (214) 747-5070 (Telephone)
     (214) 747-2091 (Facsimile)

     William Tommy Jacks
     Texas Bar No. 10452000
     jacks@fr.com

     One Congress Plaza, Suite 810
     111 Congress Avenue
     Austin, Texas 78701
     (512) 472-5070 (Telephone)
     (512) 320-8935 (Facsimile)

Attorneys for Plaintiff
RICHARD GARRIOTT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 25, 2010 on the following counsel of record via email:

Laura M. Merritt                                  Attorneys for Defendant
Jason M. Storck                                   NCsoft Corporation
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy.
Las Cimas IV, Fifth Floor
Austin, Texas  78746-5546


/s/ Kelly D. Hine
_____

Kelly D. Hine

# EXHIBIT "A"

## REQUESTED INSTRUCTION NO. 1. (AGREED)

**DEPOSITION TESTIMONY**

MEMBERS OF THE JURY:

Certain testimony will be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the witness's testimony. The questions and answers from the deposition will be read to you or presented to you by videotape today. This deposition testimony is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court. The fact that the witness was unable to testify from the witness stand should not impact your consideration of that witnesses' credibility or otherwise impact your consideration of such testimony.

> Authority: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §2.23 (Deposition Testimony).

The requested instruction, having been duly considered and requested, is hereby:

_____ ACCEPTED

_____ MODIFIED

_____ REFUSED

DATE: _____        _____

                                      UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INSTRUCTION NO. 2. (AGREED)**</u>

**PUBLICITY DURING TRIAL**

MEMBERS OF THE JURY:

You should not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. You should not attempt to learn anything about the case or the parties involved from any other source. Please do not listen to any radio or television newscasts until this trial is over, or read any newspaper or magazine unless someone else first removes any possible reference to this trial or any of the parties involved. Please do not read or research any references to the case or the parties involved on the internet or any other electronic media. In addition, please do not post any information to Twitter, Facebook, or other social media regarding this case, email, instant message, post on any blog regarding this case, or use any other form of communication to share, discuss, or get information regarding the case or the parties involved.

Authority:    United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §2.6 (Publicity During Trial).

The requested instruction, having been duly considered and requested, is hereby:

_____ ACCEPTED

_____ MODIFIED

_____ REFUSED

DATE: _____          _____

                                                      UNITED STATES DISTRICT JUDGE

## REQUESTED INSTRUCTION NO.  3. (AGREED)

**OBJECTIONS DURING TRIAL**

MEMBERS OF THE JURY:

It is the duty of the attorneys on each side to object when the other side offers testimony or other evidence which counsel believes is not properly admissible.  When the Court has sustained an objection to a question, you are to disregard that question and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer.  Upon allowing testimony or other evidence to be introduced over the objection of counsel, the Court does not indicate any opinion as to the weight or effect of such evidence.  Also, when the Court asks questions of witnesses, you are instructed not to assume that the Court has any opinion on the matter to which the question may relate


The requested instruction, having been duly considered and requested, is hereby:

_____   ACCEPTED

_____   MODIFIED

_____   REFUSED


DATE: _____          _____

                                               UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INSTRUCTION NO. 4.**</u>

**GENERAL INSTRUCTIONS FOR CHARGE**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Unless otherwise instructed, you may answer a question upon the vote of five or more jurors. If you answer more than one question upon the vote of five or more jurors, the same group of at least five of you must agree upon the answers to each of those questions.

In this case, the plaintiff, Richard Garriott, must prove every essential part of his claim by a preponderance of the evidence.  A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.  In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory;  and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all

of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

Authority:     United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §3.1 (General Instructions For Charge); TEXAS PATTERN JURY CHARGE 100.3 (2006).

The requested instruction, having been duly considered and requested, is hereby:

_____ ACCEPTED

_____ MODIFIED

_____ REFUSED

DATE: _____          _____

                                         UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INSTRUCTION NO. 5. (AGREED)**</u>

**BIAS – CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Authority**:    United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §2.13 (Bias—Corporate Party Involved).

The requested instruction, having been duly considered and requested, is hereby:

_____  ACCEPTED

_____  MODIFIED

_____  REFUSED

DATE: _____              _____

UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INSTRUCTION NO. 6. (AGREED)**</u>

**DEMONSTRATIVE EVIDENCE**

Any demonstrative evidence presented by the parties are illustrations.  They are the parties' picture or description used to describe something involved in this trial.  If your recollection of the evidence differs from these exhibits, rely on your recollection.

**Authority**:   United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §2.8 (Demonstrative Evidence).

The requested instruction, having been duly considered and requested, is hereby:

\_\_\_\_\_   ACCEPTED

\_\_\_\_\_   MODIFIED

\_\_\_\_\_   REFUSED

DATE: _____          _____

                                                                 UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INSTRUCTION NO. 7. (AGREED)**</u>

**EVIDENCE IN THIS CASE**

   The evidence in the case consists solely of the sworn live and deposition testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that have been admitted or stipulated.

The requested instruction, having been duly considered and requested, is hereby:

_____ ACCEPTED

_____ MODIFIED

_____ REFUSED

DATE: _____      _____

                       UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INSTRUCTION NO. 8.**</u>

**PLAINTIFF'S BREACH OF CONTRACT CLAIM**

Mr. Garriott claims that NCsoft breached the Stock Option Agreement. You may find that NCsoft breached the Stock Option Agreement if you find from a preponderance of the evidence that NCsoft failed to comply with its contractual obligations in the Stock Option Agreement. A party's repudiation of a contract—that is, when a party indicates, by words or actions, that it is not going to perform its obligations under the contract in the future—may constitute a breach of the contract.

**Authority**:    TEXAS PATTERN JURY CHARGE 101.2, 101.23 (2006)

The requested instruction, having been duly considered and requested, is hereby:

_____ ACCEPTED

_____ MODIFIED

_____ REFUSED

DATE: _____        _____

                                     UNITED STATES DISTRICT JUDGE

<u>REQUESTED INSTRUCTION NO.  9.</u>

**PLAINTIFF'S FRAUD CLAIM**

Mr. Garriott claims NCsoft committed fraud with respect to his stock options.  Fraud occurs when:

a.      a party makes a material misrepresentation,

b.      the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,

c.      the misrepresentation is made with the intention that it should be acted on by the other party, and

d.      the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means (1) a false statement of fact, (2) a statement of opinion based on a false statement of fact, (3) a statement of opinion that the maker knows to be false, or (4) an expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion.  "Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

Fraud may also occur when:

a.      a party fails to disclose a material fact within the knowledge of that party,

b.      the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth,

c.      the party intends to induce the other party to take some action by failing to disclose the fact, and

d.      the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

**Authority**:   Texas Pattern Jury Charge 105.2, 105.3A, 105.3C, 105.3D, 105.3E, 105.4 (2006). *See also In re International Profit Assocs.*, 274 S.W.3d 672, 678 (Tex. 2009); *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977) ("The . . . elements of actionable fraud: (1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; (6) that he thereby suffered injury."); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983); Texas Pattern Jury Charge 105.1, 105.2, 105.3A, 105.3C (2006).

**Notes**:   In *Koral Industries v. Security-Connecticut Life Insurance Co.*, 802 S.W.2d 650, 651 (Tex. 1990), the Texas Supreme Court rejected the argument that a party's failure to use due diligence barred a claim of fraud.  "It is not the rule that a person injured by the fraudulent and false representations of another is held to the exercise of diligence to suspect and discover the falsity of such statements. In the absence of knowledge to the contrary, he would have a right to rely and act upon such statements, and certainly the wrongdoer in such a case cannot be heard to complain that the other should have disbelieved his solemn statements."  *Id.; see also Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983) (defendant in fraud case cannot complain that plaintiff failed to discover truth through exercise of care).

The requested instruction, having been duly considered and requested, is hereby:

\_\_\_\_\_   ACCEPTED

\_\_\_\_\_   MODIFIED

\_\_\_\_\_   REFUSED

DATE: _____          _____

                                                                       UNITED STATES DISTRICT JUDGE

<u>REQUESTED INSTRUCTION NO.  10.</u>

**PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM**

Mr. Garriott claims NCsoft committed negligent misrepresentation with respect to his stock options.  Negligent misrepresentation occurs when:

a.      a party makes a representation in the course of his business or in a transaction in which he has a pecuniary interest,

b.      the representation supplies false information for the guidance of others in their business, and

c.      the party making the representation did not exercise reasonable care or competence in obtaining or communicating the information.

**Authority**:      TEXAS PATTERN JURY CHARGE 105.16 (2006); *see also Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 532 (5th Cir. 2003) (Edith Jones, J.); *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (adopting the tort of negligent misrepresentation as described by the RESTATEMENT (SECOND) OF TORTS § 552) ("The elements of a cause of action for the breach of this duty are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation."); RESTATEMENT (SECOND) OF TORTS *comment a* ("one who relies upon information in connection with a commercial transaction may reasonably expect to hold the maker to a duty of care only in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended to supply it for that purpose.").

The requested instruction, having been duly considered and requested, is hereby:

_____   ACCEPTED

_____   MODIFIED

_____   REFUSED

DATE: _____          _____
                                       UNITED STATES DISTRICT JUDGE

## REQUESTED INSTRUCTION NO. 11.

**COMPENSATORY DAMAGES**

If you find that the NCsoft is liable to Mr. Garriott, then you must determine an amount that is fair compensation for all of Mr. Garriott's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make Mr. Garriott whole—that is, to compensate Mr. Garriott for the damage that he has suffered.

You may award compensatory damages only for injuries that Mr. Garriott proves were proximately caused by the NCsoft's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of Mr. Garriott's damages, no more and no less.  You should not award compensatory damages for speculative injuries, but only for those injuries which Mr. Garriott has actually suffered or that he is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that Mr. Garriott prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

1.  The difference, if any, between the value of Mr. Garriott's stock options when he exercised them and the value of Mr. Garriott's stock options had he been allowed to exercise them through May 30, 2011; and

      2.  The reasonable and necessary expenses that Mr. Garriott incurred in attempting to mitigate his loss by exercising his stock options on or before February 9, 2009.

|  |  |
|---|---|
| **Authority**: | United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §15.2 (Compensatory Damages); TEXAS PATTERN JURY CHARGE 110.3, 110.19, 110.21 (2006); *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685 (Tex. 1981) (direct damages "are those which naturally and necessarily flow from a wrongful act, are so usual an accompaniment of the kind of breach alleged that the mere allegation of the breach gives sufficient notice, and are conclusively presumed to have been foreseen or contemplated by the party as a consequence of his breach of contract."); RESTATEMENT (SECOND) OF TORTS § 552B ("The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation. ") and *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (adopting § 552B). |

The requested instruction, having been duly considered and requested, is hereby:

_____  ACCEPTED

_____  MODIFIED

_____  REFUSED

DATE: _____        _____

                                                                        UNITED STATES DISTRICT JUDGE

## REQUESTED INSTRUCTION NO. 12.

**EXEMPLARY DAMAGES**

GENERAL INSTRUCTIONS

I will now instruct you on the law of exemplary damages. Exemplary damages are an amount of money that you may in your discretion award Mr. Garriott from NCsoft as a penalty or by way of punishment. If you find that NCsoft harmed Mr. Garriott through fraud, malice, or gross negligence, the law allows you, but does not require you, to award exemplary damages. You are instructed that, in order for you to find exemplary damages, your answer to the question regarding the amount of such damages must be unanimous.

I have already instructed you what Mr. Garriott must prove in order to prove "fraud."

To prove "malice," Mr. Garriott must prove that NCsoft's actions were motivated by a specific intent to cause substantial injury or harm to Mr. Garriott.

To prove "gross negligence," Mr. Garriott must prove an act or omission by NCsoft, which when viewed objectively from the standpoint of NCsoft at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which NCsoft had actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Factors to consider in awarding exemplary damages, if any, are:

a.    The nature of the wrong;

b.    The character of the conduct involved.

c.    The degree of culpability of NCsoft.

d.    The situation and sensibilities of the parties concerned.

e.    The extent to which such conduct offends a public sense of justice and propriety.

f.    The net worth of NCsoft.

**Authority**:   TEXAS PATTERN JURY CHARGE 110.33B, 110.34 (2006); TEX. CIV. PRAC. & REM. CODE § 41.001 *et seq.*; *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 653-54 (5th Cir. 1994); *Purvis v. Prattco, Inc.*, 595 S.W.2d 103, 104 (Tex.1980)l *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 406 (Tex. 1934); United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §15.13 (Punitive Damages).

The requested instruction, having been duly considered and requested, is hereby:

_____   ACCEPTED

_____   MODIFIED

_____   REFUSED

DATE: _____          _____

                                       UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INSTRUCTION NO. 13.**</u>

**EXEMPLARY DAMAGES**

CLEAR AND CONVINCING EVIDENCE

      To recover exemplary damages, Mr. Garriott must prove each of the elements required for exemplary damages by "clear and convincing evidence."  Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

      **Authority**:     Tex. Civ. Prac. & Rem. Code § 41.003(a); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006); United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §2.14 (Clear and Convincing Evidence); Texas Pattern Jury Charge 110.35B (2006).

The requested instruction, having been duly considered and requested, is hereby:

\_\_\_\_\_   ACCEPTED

\_\_\_\_\_   MODIFIED

\_\_\_\_\_   REFUSED

DATE: _____          _____

                                                           UNITED STATES DISTRICT JUDGE

<u>REQUESTED INSTRUCTION NO. 14.</u>

**EXEMPLARY DAMAGES**

ASSESSED AGAINST MASTER FOR ACTS OF A SERVANT

Because NCsoft is not a natural person, it can only act through its employees and agents. As such, you may find that NCsoft acted with fraud, malice, or gross negligence based upon the acts of an employee or agent if you also find that:

a.      NCsoft authorized the doing and the manner of the act;

b,      NCsoft's agent was unfit and NCsoft acted with malice in employing or retaining him;

c.      NCsoft's agent was employed in a managerial capacity or as a vice-principal, and was acting in the scope of employment; or

d.      NCsoft , a manager, or a vice-principal ratified or approved the act.

A person is a "vice-principal" if that person is (a) a corporate officer; (b) a person who has authority to employ, direct, and discharge an employee of NCsoft; (c) a person engaged in the performance of nondelegable or absolute duties of NCsoft; or (d) a person to whom NCsoft has confided the management of the whole or a department or division of the business of NCsoft.

> **Authority**:     TEXAS PATTERN JURY CHARGE 110.35 (2006); *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 653-54 (5th Cir. 1994); *Purvis v. Prattco, Inc.*, 595 S.W.2d 103, 104 (Tex.1980); *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 406 (Tex. 1934).

The requested instruction, having been duly considered and requested, is hereby:

_____   ACCEPTED

_____   MODIFIED

_____   REFUSED

DATE: _____                _____

                                                      UNITED STATES DISTRICT JUDGE

## REQUESTED INSTRUCTION NO. 15. (AGREED)

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Authority**:    United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §2.11 (Duty to Deliberate).

The requested instruction, having been duly considered and requested, is hereby:

_____  ACCEPTED

_____  MODIFIED

_____  REFUSED

DATE: _____          _____

UNITED STATES DISTRICT JUDGE

## <u>REQUESTED INSTRUCTION NO. 16. (AGREED)</u>

**IMPARTIAL DELIBERATIONS**

You are the sole and exclusive judges of the facts.  You should determine these facts without any bias, prejudice, sympathy, fear or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial.  Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.  Do not speculate on matters that are not in evidence.  All parties expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the outcome.

**Authority**:    United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2006) §2.11 (Duty to Deliberate).

The requested instruction, having been duly considered and requested, is hereby:

_____  ACCEPTED

_____  MODIFIED

_____  REFUSED

DATE: _____          _____

                                                                              UNITED STATES DISTRICT JUDGE

## REQUESTED INTERROGATORY NO. 1.

**Question No. 1 to Jury**

Did NCsoft fail to comply with its contractual obligations in the Stock Option Agreement?

_____ YES          _____ NO

**Authority**:   TEXAS PATTERN JURY CHARGE 101.2 (2006); *see also Aiello v. United Air Lines, Inc.*, 818 F.2d 1196, 1198 (5th Cir. 1987).

The requested instruction, having been duly considered and requested, is hereby:

\_\_\_\_\_ ACCEPTED

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

DATE: _____          _____

UNITED STATES DISTRICT JUDGE

## REQUESTED INTERROGATORY NO.  2.

**Question No. 2 to Jury**

If you answered yes to Question No. 1 above, what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Mr. Garriott for his damages, if any, that resulted from NCsoft's failure to comply with the Stock Option Agreement?

Answer in dollars and cents, if any.

Amount:        $_____

**Authority**:        TEXAS PATTERN JURY CHARGE 110.02 (2006).

The requested instruction, having been duly considered and requested, is hereby:

_____  ACCEPTED

_____  MODIFIED

_____  REFUSED

DATE: _____        _____
                                                        UNITED STATES DISTRICT JUDGE

## REQUESTED INTERROGATORY NO.  3.

**Question No. 3 to Jury**

Did NCsoft commit fraud against Mr. Garriott?

_____   YES                _____   NO

**Authority**:    Texas Pattern Jury Charge 105.1 (2006); *Federal Land Bank Ass'n of Tyler v. Sloan*, 825 S.W. 2d 439, 442 (Tex. 1991)

The requested instruction, having been duly considered and requested, is hereby:

_____   ACCEPTED

_____   MODIFIED

_____   REFUSED

DATE: _____          _____

                                                         UNITED STATES DISTRICT JUDGE

## <u>REQUESTED INTERROGATORY NO. 4.</u>

**Question No. 4 to Jury**

If you answered yes to Question No. 3 above, what sum of money, if any, if paid now in

cash, would fairly and reasonably compensate Mr. Garriott for his damages, if any, that resulted

from such fraud?

Answer in dollars and cents, if any.

Amount:        $_____

**Authority**:        TEXAS PATTERN JURY CHARGE 110.21 (2006); *Federal Land Bank Ass'n of Tyler v. Sloan*, 825 S.W. 2d 439, 442 (Tex. 1991)

The requested instruction, having been duly considered and requested, is hereby:

_____ ACCEPTED

_____ MODIFIED

_____ REFUSED

DATE: _____        _____

UNITED STATES DISTRICT JUDGE

**REQUESTED INTERROGATORY NO.  5.**

**Question No. 5 to Jury**

      Did NCsoft make a negligent misrepresentation on which Mr. Garriott justifiably relied?

      _____  YES         _____  NO

      **Authority**:    TEXAS PATTERN JURY CHARGE 105.16 (2006); *Federal Land Bank Ass'n of Tyler v. Sloan*, 825 S.W. 2d 439, 442 (Tex. 1991)

The requested instruction, having been duly considered and requested, is hereby:

_____  ACCEPTED

_____  MODIFIED

_____  REFUSED

DATE: _____          _____

                                                     UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INTERROGATORY NO. 6.**</u>

**Question No. 6 to Jury**

  If you answered yes to Question No. 5 above, what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Mr. Garriott for his damages, if any, that were proximately caused by such negligent misrepresentation?

  Answer in dollars and cents, if any.

  Amount:  $_____

  **Authority**:  TEXAS PATTERN JURY CHARGE 110.21 (2006); *Federal Land Bank Ass'n of Tyler v. Sloan*, 825 S.W. 2d 439, 442 (Tex. 1991)

The requested instruction, having been duly considered and requested, is hereby:

_____ ACCEPTED

_____ MODIFIED

_____ REFUSED

DATE: _____    _____
                   UNITED STATES DISTRICT JUDGE

<u>**REQUESTED INTERROGATORY NO. 7.**</u>

**Question No. 7 to Jury**

Answer the following question only if you unanimously answered "Yes" to Question No. 3 or Question No. 5. Otherwise, do not answer the following question.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of five or more jurors. Otherwise, you must not answer the following question.

Under the law as given to you in these instructions, do you find by clear and convincing evidence that the harm to Mr. Garriott resulted from malice, fraud, or gross negligence attributable to NCsoft?

_____ YES            _____ NO

**Authority**:      TEXAS PATTERN JURY CHARGE 110.03B, 110.35A (2006).

The requested instruction, having been duly considered and requested, is hereby:

\_\_\_\_\_ ACCEPTED

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

DATE: _____            _____

                                                        UNITED STATES DISTRICT JUDGE

## REQUESTED INTERROGATORY NO. 8.

**Question No. 8 to Jury**

Answer the following question only if you unanimously answered "Yes" to Question No. 7.  Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against NCsoft and awarded to Mr. Garriott should be awarded from NCsoft for the conduct found in response to Question No. 7?

Answer in dollars and cents, if any.

Amount:          $_____

**Authority**:          TEXAS PATTERN JURY CHARGE 110.34 (2006).

The requested instruction, having been duly considered and requested, is hereby:

_____ ACCEPTED

_____ MODIFIED

_____ REFUSED

DATE: _____          _____

                                                            UNITED STATES DISTRICT JUDGE