IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD GARRIOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. A-09-CA-357-SS |
| v. | § | |
| | § | |
| NCSOFT CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### DEFENDANT NCSOFT CORPORATION'S MOTION TO STRIKE SUGENE KIM FROM PLAINTIFF'S TRIAL WITNESS LIST

Pursuant to the Federal Rules of Civil Procedure and the Local Rules, Defendant NCsoft Corporation ("Defendant" or "NCsoft") hereby files this Motion to Strike Sugene Kim from Plaintiff's Trial Witness list in response to the Trial Witness List Plaintiff filed with the Court on June 25, 2010.[1]

## I.   MR. KIM SHOULD BE STRICKEN FROM PLAINTIFF'S TRIAL WITNESS LIST

NCsoft objects to Plaintiff's listing of Sugene Kim, NCsoft's general counsel, on Plaintiff's Trial Witness List.  For the reasons set forth below, the Court should strike Mr. Kim from Plaintiff's Trial Witness List.

### A.   PLAINTIFF CANNOT ESTABLISH THE NECESSITY OF MR. KIM'S TESTIMONY

NCsoft objects to Plaintiff calling Mr. Kim as a trial witness because obtaining testimony from NCsoft's General Counsel is inappropriate under the facts of this case.  In the Fifth Circuit, obtaining testimony from a party's attorney is permitted only in limited circumstances. *See Theriot v. Parish of Jefferson*, 185 F.3d 377, 491 (5th Cir. 1999) (affirming district court's decision to quash a subpoena issued to the opposing party's trial attorneys); *see*

---

[1] NCsoft notes that many of the arguments included herein were also referenced in NCsoft's Expedited Motion for a Protective Order regarding the deposition of another NCsoft in-house attorney, Matthew Esber, filed with the Court on February 23, 2010.

**DEFENDANT NCSOFT CORPORATION'S**                                          **PAGE 1**
**MOTION TO STRIKE SUGENE KIM FROM**
**PLAINTIFF'S TRIAL WITNESS LIST**

*also Nguyen v. Excel Corporation,* 197 F.3d 200, 209 (5th Cir. 1999).  Another key case, *Shelton v. American Motors Corp.*, provides that depositions of opposing counsel should be permitted only where the deposing party can establish *all* of the following three factors: (1) "the information sought is relevant and nonprivileged;" (2) "no other means exist to obtain the information than to depose opposing counsel;" *and* (3) "the information is crucial to the preparation of the case."  *See Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1987); *See Nguyen,* 197 F.3d at 208-209 (Fifth Circuit opinion applying the standard articulated in *Shelton*).  The Court should apply this standard when determining whether to allow NCsoft's General Counsel to be called as a trial witness.[2]  Plaintiff cannot satisfy the *Shelton* factors with respect to Mr. Kim's testimony.

With respect to the first factor of the *Shelton* test, Plaintiff has not and cannot demonstrate that any relevant information sought from Mr. Kim would not be privileged.  NCsoft's Initial Disclosures list Mr. Kim as its Vice President and General Counsel, and Mr. Kim has served as NCsoft's General Counsel for several years.  His name appears many times on NCsoft's privilege log, which describes the privileged basis for each communication in great detail.  Plaintiff's counsel has failed to identify any non-privileged information it seeks from Mr. Kim.[3]

---

[2] In Plaintiff's response to NCsoft's Motion for a Protective Order barring the deposition of Mr. Esber, Plaintiff sought to distinguish *Shelton* on the grounds that Mr. Esber is NCsoft's in-house counsel and not NCsoft's trial counsel in this matter.  However, as with Mr. Esber, Mr. Kim has worked closely with NCsoft's trial counsel in formulating trial strategy since the inception of this case.

[3] On June 30, 2010, NCsoft's counsel sent Plaintiff's counsel a letter requesting that Plaintiff remove Mr. Kim from his Trial Witness List, since any information Mr. Kim may have would be subject to the attorney-client privilege.  *See* Appendix, Exh. A.  In a letter dated July 2, 2010, Plaintiff's counsel refused to remove Mr. Kim from Plaintiff's Trial Witness List, but did not indicate what non-privileged information Plaintiff sought from Mr. Kim.  Plaintiff's counsel merely stated that Plaintiff was "confident that any examination of Mr. Kim can be conducted without raising privilege objections." *See* Appendix, Exh. B.  NCsoft's counsel sent Plaintiff another letter regarding this issue on July 6, 2010, and again asked Plaintiff to remove Mr. Kim from his Trial Exhibit List.  NCsoft pointed out that Plaintiff had not identified any material non-privileged information that Mr. Kim might have in Plaintiff's response.  *See* Appendix, Exh. C.  To date, Plaintiff has not responded further to this issue.

**DEFENDANT NCSOFT CORPORATION'S**                                    **PAGE 2**
**MOTION TO STRIKE SUGENE KIM FROM**
**PLAINTIFF'S TRIAL WITNESS LIST**

With respect to the second factor, even if Plaintiff could show that Mr. Kim possessed some non-privileged information relevant to the lawsuit, Plaintiff has long had the opportunity to obtain such information from other sources. Plaintiff took six (6) depositions of current or former NCsoft employees, several of whom were high-level executives – including TJ Kim (Chief Executive Officer), Jaeho Lee (NCsoft's Chief Financial Officer), Chris Chung (NCsoft's former President Chief Executive Officer for its North American operations), Jeff Strain (former Director of Product Development), Janna Bureson (a former NCsoft public relations employee), and Linda Powers (NCsoft's former Human Resources Director)[4].

Plaintiff has also identified fifteen (15) other current and former employees of NCsoft on his Trial Witness List. These employees and former employees have knowledge on a broad range of topics including NCsoft's general corporate matters, Plaintiff's separation of employment from NCsoft, Plaintiff's stock options and stock, and the terms and conditions of Plaintiff's employment at NCsoft. Any non-privileged information relevant to the lawsuit and known by Mr. Kim would also be known by one or more of the various witnesses included in Plaintiff's Trial Witness List.

The third *Shelton* factor requires that the information sought from Mr. Kim be critical to Plaintiff's case. Not only will Plaintiff be unable to make such a showing, he has never even alleged that Mr. Kim possesses critical non-privileged information. Plaintiff therefore fails each of the three *Shelton* factors, all of which must be proven to overcome the Fifth Circuit's strong reluctance to allow a party to obtain testimony from the opposing party's counsel.

---

[4] Plaintiff has also had the opportunity to question the General Counsel of NC Interactive, Inc., Matt Esber, on the limited number of non-privileged topics listed by the Court in its Order filed February 26, 2010. However, despite Plaintiff's insistence at the hearing on NCsoft's Motion for a Protective Order that Mr. Esber had relevant non-privileged information, Plaintiff has not taken Mr. Esber's deposition.

**DEFENDANT NCSOFT CORPORATION'S**                                              **PAGE 3**
**MOTION TO STRIKE SUGENE KIM FROM**
**PLAINTIFF'S TRIAL WITNESS LIST**

### B. PLAINTIFF'S SOLE PURPOSE FOR INCLUDING MR. KIM ON HIS TRIAL WITNESS LIST IS TO HARASS NCSOFT

NCsoft further objects to the inclusion of Mr. Kim on Plaintiff's Trial Witness List because it is evident that Plaintiff's only motivation for including Mr. Kim is to harass NCsoft and prevent NCsoft from the benefit of having its corporate counsel present and participating at trial. If Plaintiff had a legitimate purpose for seeking information from Mr. Kim, he would have sought to do so during the extensive discovery period in this case. Plaintiff never requested a deposition of Mr. Kim or communicated in any way that he believed Mr. Kim had material, non-privileged information regarding the facts of this case. Further, Plaintiff's counsel has asked few questions about Mr. Kim in the numerous depositions taken in this case, and any references made to Mr. Kim relate to his capacity as General Counsel of NCsoft. Significantly, Mr. Kim's name has come up only in a general way when Mr. Lee stated that he consulted him on Plaintiff's questions about his separation.

NCsoft also objects to the inclusion of Mr. Kim as a witness to the extent Plaintiff would use Mr. Kim's status as a potential trial witness to sequester him from the testimony of other witnesses pursuant to FED. R. EVID. 615. Mr. Kim has attended four depositions on behalf of NCsoft. NCsoft would be unduly prejudiced if Plaintiff excluded Mr. Kim from trial proceedings on this basis; to date, Mr. Kim has participated in NCsoft's trial strategy, and his continued analysis and input is important to NCsoft at trial.

## II. CONCLUSION

For the reasons stated above, NCsoft requests that the Court grant its motion to strike Mr. Kim from Plaintiff's Trial Witness List. In the alternative, if the Court allows Mr. Kim to remain on Plaintiff's witness list, NCsoft requests that he not be sequestered under FED. R. EVID. 615 at any time in the trial of this case.

Dated:  July 19, 2010

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI


By        \_\_/s/Laura M. Merritt_____
        Laura M. Merritt
        Texas Bar No. 00791252
        Jason M. Storck
        Texas Bar No. 24037559
        Clayton Basser-Wall
        Texas Bar No. 24054189

        900 South Capital of Texas Highway
        Las Cimas IV, Fifth Floor
        Austin, Texas 78746-5546
        Telephone:  512.338.5400
        Facsimile:   512.338.5499

        Leo Cunningham
        CA Bar No. 121605
        650 Page Mill Road
        Palo Alto, California 94304
        Telephone: 650.493.9300
        Facsimile: 650.493.6811


**ATTORNEYS FOR DEFENDANT NCSOFT CORPORATION**

## CERTIFICATE OF SERVICE

By my signature below, I certify that on this 19th day of July, 2010, in accordance with the Federal Rules of Civil Procedure, I served the foregoing Defendant's Motion to Strike Sugene Kim from Plaintiff's Trial Witness List on counsel for Plaintiff, Stephen E. Fox (sfox@fr.com), Kelly D. Hine (kdh@fr.com), William Tommy Jacks (tzj@fr.com), John C. Sanders, Jr. (jsanders@fr.com), David Conrad (conrad@fr.com), Shelly Prim (prim@fr.com), and Dolores Puente (dzp@fr.com), at Fish & Richardson, via electronic mail.

＿＿＿/s/Laura M. Merritt＿＿＿＿＿
Laura M. Merritt