IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD GARRIOTT, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. A-09-CA-357-SS |
| v. | § § | |
| NCSOFT CORPORATION, | § § § | |
| Defendant. | § | |

**DEFENDANT NCSOFT CORPORATION'S MOTION
FOR JUDGMENT AS A MATTER OF LAW**

Now comes Defendant NCsoft Corporation ("Defendant" or "NCsoft"), and, pursuant to Fed. R. Civ. P. 50(a) files this Motion for Judgment as a Matter of Law.

## I. INTRODUCTION

Plaintiff has rested his case-in-chief and has been fully heard on all issues on which he has the burden of proof. NCsoft is entitled to judgment as a matter of law as to each of Plaintiff's causes of action because Plaintiff has failed to establish essential elements of his claims or present evidence upon which reasonable persons could differ.[1] The Court should also render judgment as a matter of law in NCsoft's favor on Plaintiff's tort claims because Plaintiff has failed to establish an injury independent of the alleged breach of contract. Accordingly, Plaintiff's claims should be dismissed.

---

[1] Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a); *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000); *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 830 (5th Cir. 2000). When considering a motion for judgment as a matter of law, "the court should review all of the evidence in the record." *Reeves*, 530 U.S. at 150.

## II. ARGUMENT

### A. Plaintiff Has Failed to Establish that his Departure was not a "Voluntary Termination or Resignation."

To establish a breach, Plaintiff must show that he did not "voluntarily terminate or resign" as construed under South Korean law. *See* D. Exh. 4. Under South Korean law, an employee's resignation or termination is only involuntary if the decision is not made of the employee's own free will.[2] An employer's suggestion that an employee resign is insufficient to establish that a resignation or termination is involuntary.[3] Some form of coercion or intimidation must be shown.[4]

The evidence proffered by Plaintiff is consistent with a voluntary termination or resignation as defined by South Korean law and with a determination that he left of his own free will. Plaintiff testified that Mr. Chung did not tell him that he was "fired," "terminated," or "laid off." Instead, Mr. Chung allegedly suggested that they "part ways." Plaintiff admitted in an email that he was "encouraged to voluntarily resign" and stated, "we do need to be sure NC agrees that I voluntarily resigned." D. Exh. 71. Further, Plaintiff testified that he and his brother had a conversation immediately after Plaintiff's conversation with Mr. Chung. Plaintiff admitted that he did not tell his brother that he had been "fired," or "laid off." In an email two days after his conversation with Mr. Chung, Plaintiff described his separation from employment as "parting company" and that NCsoft had "encouraged [him] to pursue other

---

[2] *See, e.g.,* Supreme Court of South Korea, Case No. 2005*Da*34407 (Sept. 9, 2005) (plaintiffs who submitted resignation letters following employer's early retirement/resignation program did so voluntarily; "plaintiffs should be deemed to have submitted the voluntary resignation/retirement request based on their own intent under their conviction that voluntary resignation/retirement is the best option at the time through extensive contemplation of various issues . . .") (attached as Exh. B to Declaration of Clay Basser-Wall in support of Defendant's Pretrial Motion Pursuant to Federal Rule of Civil Procedure 44.1 "Rule 44.1 Motion").

[3] *See, e.g., Id.* (plaintiffs' resignations were voluntary even though the employer first suggested that they resign); Supreme Court of South Korea, Case No. 2002*Da*60528 (June 25, 2004) (same) (Exh. O to Rule 44.1 Motion); Supreme Court of South Korea, Case No. 2000*Da*51919 (Jan. 19, 2001) (same) (Exh. F to Rule 44.1 Motion).

[4] Supreme Court of South Korea, Case No. 2000*Da*51919 (plaintiff who submitted resignation letter did so voluntarily even though the employer recommended resignation, where there was no evidence of "deceit, threat, [or] coercion" on the part of the employer), attached as Exh. B to the Appendix.

options[.]" D. Exh. 53. Plaintiff then described other options that he had "already beg[u]n" pursuing. Plaintiff also signed a resignation letter containing language he modified and approved.

In addition, Plaintiff has proffered no evidence of coercion or intimidation, as required by South Korean law.[5] Plaintiff admitted that Chris Chung did not threaten him in any way, nor did anyone else at NCsoft. NCsoft did not make repeated requests for his resignation – according to Plaintiff the only request occurred on November 6, 2008, during Plaintiff's conversation with Chris Chung. Plaintiff signed the resignation letter five days after his conversation with Chris Chung – five days in which Plaintiff could have recanted his earlier decision but admits he did not. Such a time lag is hardly the hallmark of coercion or intimidation. An absence of coercion is also evident in Plaintiff's decision to return to the NCsoft office thereafter, hosting a meeting for coworkers, maintaining his NCsoft email address, and inviting a film crew to film him the office after his resignation was announced.

Based upon Plaintiff's admissions and the absence of evidence of coercion or intimidation, Plaintiff has failed to establish a claim for breach of contract under South Korean law and NCsoft should therefore be granted judgment on Plaintiff's First Cause of Action.

### B. Plaintiff Has Not Established Independent Injury for Fraud and Misrepresentation Claims.

Plaintiff's tort claims should be dismissed pursuant to the independent injury doctrine.[6] They are simply indistinguishable from his breach of contract claim.

---

[5] *See* Busan High Court, Case No. 2001*Na*3122 (Sept. 14, 2001) (resignation letter was the product of intimidation and therefore involuntary, where employer repeatedly pressed plaintiff to resign, threatened disciplinary action, and reassigned her duties after she attempted to pursue criminal charges for rape against another employee) (Exh. O to Rule 44.1 Motion).

[6] The independent injury doctrine precludes tort causes of action where the alleged tortious conduct "would give rise to liability only because it breaches the parties' agreement". *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,*, 960 S.W.2d 41, 45 (Tex. 1998). *See also Agillion, Inc. v. Oliver*, 114 S.W.3d 86, 89 (Tex. App.--Austin 2003, no pet.) (applying doctrine in negligent misrepresentation claim where the "injury . . . ar[ose] out of a specific agreement" and "had this contract not been breached, there would be no dispute"); *Etsy v. Beal Bank S.S.B.*, 298 S.W.3d 280, 302 (Tex. App.--Dallas 2009, no pet.) (applying doctrine to fraud and negligent misrepresentation claim where the alleged misrepresentations related to "duties aris[ing] under the contract").

In determining whether a tort claim is barred by the independent injury doctrine, courts look not only to alleged tortious conduct and its relationship to the contract but also the damages asserted – "when the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Formosa,* 960 S.W.2d at 45.[7]

Plaintiff's tort allegations relate solely to NCsoft's duties under the contract and alleged breach. The alleged statements by Mr. Chung that Mr. Garriott's time with NCsoft was "over" and that NCsoft wanted to "part ways" has no legal significance except in relation to the Stock Option Agreement. Likewise, references to Plaintiff's departure as "voluntary", and any statements as to his 90-day exercise period are only legally significant to the extent it supports or undermines Plaintiff's breach of contract argument. Plaintiff presented no evidence of any other alleged false statements. Instead, Plaintiff's fraud claims rely solely upon the alleged statements he uses to support his breach of contract claim. Because such statements would not "give rise to liability independent of the fact that a contract exists," Plaintiff did not meet his burden to establish independent injury. *Formosa*, 960 S.W.2d at 45.

The absence of an independent injury is also apparent in Plaintiff's claim for damages. Plaintiff's Complaint seeks "benefit of his bargain . . . and . . . economic damages" in remedy of his breach of contract claim. Plaintiff's Complaint seeks the same benefit of the bargain damages for his fraud and negligent misrepresentation claims, which are recast as reliance damages: "In reasonable and justifiable reliance on the statements of NCsoft employees, Mr. Garriott exercised his options nearly 2 ½ years before they were set to expire, causing him to suffer actual economic damage." Complaint ¶¶ 60, 68, 74. Plaintiff's use of the word "reliance" does not transform his benefit-of-the bargain damages into an independent injury.

Likewise, Plaintiff has offered no damages specifically attributable to his tort claims. Plaintiff offered no other evidence of damages.

---

[7] *See also Etsy,* 298 S.W.3d at 302 (applying doctrine to fraud and negligent misrepresentation claims where sought benefit-of-the bargain damages); *D.S.A., Inc, v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998) (applying doctrine where plaintiff "in essence asked for the benefit of its bargain" as damages in fraud and negligent misrepresentation claim).

Plaintiff's Proposed Jury Instructions, filed June 25, 2010, did not distinguish between contract and tort damages; Plaintiff proposed only a single instruction entitled "Compensatory Damages."[8]  Plaintiff's proposed measure for calculating compensatory damages was a benefit-of-the bargain measure: "The difference, if any, between Mr. Garriott's stock options when he exercised them and the value of Mr. Garriott's stock options had he been allowed to exercise them through May 30, 2011; and the reasonable and necessary expenses that Mr. Garriott incurred in attempting to mitigate his loss[.]"  *Id.* at 20 – 21. This too, represents an admission that Plaintiff has not and cannot establish a tort injury independent of his contract claim.

### C. Plaintiff Failed to Establish the Essential Elements of Negligent Misrepresentation.

To establish his negligent misrepresentation claim, Richard Garriott must prove that NCsoft (1) made a representation in the course of its business; (2) that was false and for the guidance of others in their business; (3) did not exercise reasonable care in doing so; (4) Mr. Garriott replied on that representation; (5) which caused injury. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999).

Plaintiff bases his negligent misrepresentation claim on three alleged false statements (1) that Chris Chung told Plaintiff his time was "over" and NCsoft wanted to "part ways"; (2) that NCsoft created false documentation that Plaintiff voluntarily resigned;[9] and (3) that NCsoft would cancel his options within 90 days.  None of the alleged statements are actionable.

### i. Plaintiff Failed to Establish Falsity or Reliance with Respect to Statements that his Departure was Voluntary

Plaintiff first argues that Chris Chung's alleged statements that Plaintiff's time was "over" and that NCsoft wanted to "part ways" was true, and that subsequent characterizations

---

[8] Plaintiff Supplemental Proposed Jury Instructions contain no instructions on tort damages.

[9] Plaintiff has presented not a scintilla of evidence that NCsoft "created false documentation" regarding his departure, only that he disagrees with its characterization.  Any claims relying on such baseless allegations should therefore be dismissed as a matter of law.

of his departure as voluntary were false. However, as discussed above in Section II(B), such characterization was not demonstrably false – Plaintiff made numerous admissions that he at all times believed that his departure was, in fact, voluntary. Plaintiff therefore has failed to establish the falsity element of his claim. *Paul v. Capital Resource Mgmt*, 987 S.W.2d 214, 221 (Tex. App.-Austin 1999) (affirming summary judgment as to negligent misrepresentation claim where record contained no evidence that defendant made a factual misrepresentation).

Plaintiff's negligent misrepresentation claim also fails because statements relating to the effects of terms in contracts are non-actionable statements of opinion. *See Boggan v. Data Systems Network Corp.*, 969 F.2d 149 (5th Cir. 1992) (statement as to the effect of a contract's set-off provision deemed non-actionable statement of opinion); *Fina Supply, Inc. v. Abilene Nat. Bank*, 726 S.W.2d 537, 540 (Tex. 1987) (statement about the legal effect of an amendment not misrepresentation of fact). Here, NCsoft's conclusion as to the voluntary nature of Plaintiff's departure was an interpretation of his contract and therefore not a statement of fact.

Plaintiff also cannot establish a negligent misrepresentation claim because he has presented no evidence of reliance. Although Plaintiff alleges that he exercised in reliance upon the "voluntary" characterization, Plaintiff disputed the characterization of his departure in the days leading up to Plaintiff's stock option exercise. *See e.g.* P. Exh. 84 (12/31/08: "I did NOT quit"). As a matter of law, Plaintiff cannot disbelieve and dispute an allegedly false representation and then claim to have relied upon it. *See Granader v. McBee*, 23 F.3d 120, 123 (5th Cir. 1994) (affirming summary judgment on negligent misrepresentation where plaintiff lacked evidence of reliance).

### ii. Plaintiff has Failed to Establish Falsity with Respect to the Alleged Statement that his Options would be Cancelled

Plaintiff also attempts to base his negligent misrepresentation claim on NCsoft's alleged statement that Plaintiff's options would be cancelled if not exercised within 90 days. Plaintiff's claim fails, however, because Plaintiff has presented no evidence that statement was

false.[10] Plaintiff argues that such representation was false because "all conditions precedent to cancellation of [his] options had not occurred[]". Compl. ¶ 56. Plaintiff's evidence of falsity consists solely of the terms of the agreement, which does not support Plaintiff's position.

Although the Stock Option Agreement calls for a board resolution to cancel any options not exercised after the 90 day period following a voluntary termination or resignation, it does not refer to the resolution as a condition precedent. Had the parties intended to construe the board resolution as a condition precedent, they would have used such term; indeed, the contract contains a section entitled "conditions precedent" and it makes no reference to board resolutions.[11] Indeed it would be premature and inappropriate for the board to take such action while the employee still had time remaining to exercise. Consistent with absence of the term "condition precedent", the contractual language instead suggests that the cancellation via board resolution would only need to occur <u>after</u> an employee failed to exercise within the 90 day period:

> "this Agreement shall be terminated and all of the Stock Options granted hereunder . . . shall be cancelled if the Board so resolves in any of the following cases . . . the Recipient voluntarily terminates, or resigns from, his/her employment with the Company . . . in which case all of the Stock Options . . . shall be cancelled as of ninety (90) days after the later of (a) the date of such termination[.]" D. Exh. 4.

Because Mr. Garriott exercised his options within the 90 day period, there was no need for the NCsoft board to cancel his options. Plaintiff presented no evidence that Mr. Lee was lying when he stated that Mr. Garriott had 90 days to exercise, which is fatal to Plaintiff's negligent misrepresentation claim. Both the terms of the Stock Option Agreement and Mr. Lee's statement show that NCsoft intended to cancel Plaintiff's options and would have done

---

[10] This statement as well represents a non-actionable statement as to the effect of a contract.

[11] <u>Supreme Court of South Korea</u>, Case No. 93-Da-32668 (03/25/1994) (terms of contract should be interpreted objectively by the court, based on specific language contained therein); <u>Supreme Court of South Korea</u>, Case No. 97-Da-45259 (3/13/1998) (the court should reasonably interpret the objective meaning of the terms of a contract). <u>See</u> Declaration of Laura Merritt in Support of Motion for Judgment as a Matter of Law at Appendix, Exh. A and Appendix, Exh. B & C.

so had he not exercised them.  Plaintiff has therefore failed to establish falsity relating to NCsoft's alleged statement as to the cancellation of his stock options.

### iii. Alleged Statements by Mr. Chung are too Vague and Indefinite to be Actionable, and Were Not Demonstrably False

In his Complaint, Plaintiff argues in the alternative that Mr. Chung falsely informed him during their telephone conversation on November 6, 2008 that Plaintiff's time at NCsoft was "over" and that NCsoft wanted to "part ways." See Compl. ¶¶ 21, 63-64.[12]  First, the statements that Mr. Chung purportedly made — that Plaintiff's time at NCsoft was "over" and that NCsoft wanted to "part ways" — are too vague and indefinite to support a negligent misrepresentation claim. *See, e.g., Allied Vista, Inc. v. Holt*, 987, S.W.2d 138, 141 (Tex. App.-Houston [14th Dist.] 1999, pet. denied) (defendant's statement that he would provide equipment to start a plant and pay a salary of $55,000 insufficient to support negligent misrepresentation claim).

Plaintiff's testimony as to Mr. Chung's alleged statements contain no specifics or details; Plaintiff admitted that Mr. Chung did not say that Plaintiff was "fired" or that he was being "laid off."  They are precisely the type of loose, amorphous statements that courts have found are either immaterial as a matter of law or too uncertain to support the element of reliance.  *See Global Integrated Bldg. Systems v. Target Logistics, LLC*, No. H-06-2637, 2009 WL 259360, at *8 (S.D. Tex. Feb. 3, 2009).

Second, Plaintiff cannot prove that Mr. Chung's statements were false.  Plaintiff implies that Mr. Chung's statements were false because Mr. Kim did not expressly delegate Mr. Chung the authority to encourage Plaintiff to leave.  But even assuming that were true, that would not make Mr. Chung's alleged statements that Plaintiff's time at NCsoft was "over" and that NCsoft wanted to "part ways" demonstrably false.[13]  *See Butler v. Continental Airlines, Inc.* 31 S.W.3d

---

[12] On the witness stand, Plaintiff denied that Mr. Chung told him NCsoft wanted to "part ways" until impeached with his Complaint.

[13] Plaintiff has not based his Third Cause of Action on any statements Mr. Chung allegedly made to Plaintiff concerning any discussions Mr. Chung might have had with "NCsoft's upper management." Instead, Plaintiff has based his claim on two isolated comments Mr. Chung allegedly made to Plaintiff on November 6, 2008 — that

(continued...)

642, 653 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (affirming summary judgment where statement was not false and instead only expressed an opinion); *Peterson*, 401 S.W.2d at 687-88 (same). For these reasons, NCsoft is entitled to judgment on Plaintiff's Fourth Cause of Action for Negligent Misrepresentation.

### D. Plaintiff Failed to Establish the Essential Elements of Fraud.

NCsoft is entitled to judgment on Plaintiff's Second and Third Causes of Action for fraud because the allegedly false statements that form the bases for these claims are the same statements that form the bases for Plaintiff's negligent misrepresentation claims.

Plaintiff cannot maintain a fraud claim based on the characterization of his departure as voluntary because they represented non-actionable statements of opinion and Plaintiff clearly disbelieved the alleged statements upon which he claims to have relied. *See e.g. Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 703 (Tex. App.—Fort Worth 2006, pet. denied) (affirming summary judgment where plaintiff "concede[d] that he did not actually rely on" defendants' representations "because he did not trust them, and he knew they did not follow the proper procedure to redeem his shares."); *Butler v. Continental Airlines, Inc.* 31 S.W.3d 642, 653 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (affirming summary judgment where statement was not false and instead only expressed an opinion).

The vague statements attributed to Mr. Chung are not actionable as a fraud claim and not demonstrably false. *Georgen-Saad v. Texas Mut. Ins. Co.*, 195 F.Supp.2d 853, 861 (W.D. Tex. 2002) (defendant's statement that he was "trying" to get Plaintiff a raise was "too 'vague and indefinite in its nature and terms' to support a fraud claim"). Lastly, there is no evidence that Mr. Lee's alleged statements that Plaintiff's options would be cancelled were fraudulent. *See Clardy Mfg. Co. v. Marine Midland Bus. Loans*, 88 F.3d 347, 360 (5th Cir. 1996) ("[a] promise to do an act in the future . . . is fraud only when made with intention, design and

---

(...continued from previous page)
Plaintiff's time at NCsoft was "over" and that NCsoft wanted to "part ways." Compare Compl. ¶ 21 and ¶ 28 with ¶¶ 63-64.

purpose of deceiving, and with no intention of performing the act at the time the promise was made.") (quotation omitted).  Plaintiff's fraud claims should therefore be dismissed.

### III. CONCLUSION

For the foregoing reasons, NCsoft respectfully requests that the Court grant its Motion for Judgment as a Matter of Law and enter judgment for Defendant on Plaintiff's First, Second, Third and Fourth Causes of Action.

Dated:  July 28, 2010    Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By:   /S/ Laura M. Merritt
Laura M. Merritt (TX Bar No. 00791252)
Jason M. Storck (TX Bar No. 24037559)
Clay Basser-Wall (TX Bar No. 24054189)

900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone:  512.338.5400
Facsimile:  512.338.5499

Leo Cunningham (CA Bar No. 1216050)
650 Page Mill Road
Palo Alto, California 94304
Telephone: 650.493.9300
Facsimile: 650.493.6811

**ATTORNEYS FOR DEFENDANT NCSOFT CORPORATION**

## CERTIFICATE OF SERVICE

By my signature below, I certify that on this 28th day of July, 2010, in accordance with the Federal Rules of Civil Procedure, I served the foregoing Defendant NCsoft Corporation's Motion for Judgment as a Matter of Law on counsel for Plaintiff, Stephen E. Fox (sfox@fr.com), Kelly D. Hine (kdh@fr.com), William Tommy Jacks (tzj@fr.com), John C. Sanders, Jr. (jsanders@fr.com), David Conrad (conrad@fr.com), Shelly Prim (prim@fr.com), and Dolores Puente (dzp@fr.com), at Fish & Richardson, via electronic mail.

/S/Laura M. Merritt
Laura M. Merritt