IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD GARRIOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. A09 CA 357 SS |
| | § | |
| NCSOFT CORPORATION, | § | |
| | § | JURY DEMANDED |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

Plaintiff Richard Garriott respectfully files this motion to enter judgment consistent with the jury's verdict, as follows:

## I.    INTRODUCTION

A trial in the above-styled cause was conducted from Monday, July 26, 2010 through Thursday, July 29, 2010.  Mr. Garriott contended that NCsoft breached its Stock Option Agreement with him by requiring Mr. Garriott to exercise his stock options by February 9, 2009 rather than May 30, 2011.  Mr. Garriott further contended that he was damaged by this breach of contract.  NCsoft denied Mr. Garriott's allegations and contended that Mr. Garriott voluntarily terminated his employment with NCsoft.

The jury deliberated and returned a verdict pursuant to interrogatories on Thursday, July 29, 2010.  In answer to Question One, which asked, "Do you find, by a preponderance of the evidence, that NCsoft terminated Mr. Garriott's employment?" the jury returned "Yes."  In answer to Question Two, which asked, "What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Mr. Garriott for his damages, if any, that resulted from NCsoft's breach of the Stock Options Agreement, if any?" the jury returned "$28,000,000."

## II.    MOTION TO ENTER JUDGMENT

### A.    Jury Verdict

Plaintiff hereby moves pursuant to Federal Rule of Civil Procedure 54 for the Court to enter judgment in the above-titled action in a manner consistent with the verdict returned by the jury on July 29, 2010.  Specifically, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant NCsoft Corporation ("Defendant" or "NCsoft") that Defendant NCsoft breached the Stock Option Agreement between Mr. Garriott and NCsoft.

### B.    Damages

Based on the jury's award of damages in this case, Plaintiff moves the Court to award him the following in damages:  as damages for NCsoft's breach of the Stock Option Agreement between Mr. Garriott and NCsoft, an award of $28,000,000.

### C.    Pre- and Post-Judgment Interest

Plaintiff also moves the Court to award him pre-judgment interest for the time from May 6, 2009, to the time that the Court enters judgment in this case.  This is warranted to afford Plaintiff full compensation.  The Fifth Circuit has long held that the law that governs a claim in a diversity action, governs the award of pre-judgment interest on that claim. *See*, *e.g.*, *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir 2010); *New Amsterdam Cas. Co. v. Soileau*, 167 F.2d 767, 772 (5th Cir. 1948).  Here, the Court has previously ruled that South Korean law applies to the Plaintiff's breach of contract claim, the only claim submitted to the jury.  Order [D.E. 127] at 5 (July 12, 2010).  The declaration attached hereto as Exhibit "1" explains the Korean law respecting prejudgment interest as applied to the claim in this case.

Article 54 of the Korean Commercial Act states that "[t]he legal rate of interest on obligations resulting from commercial activity shall be <u>six percent</u> per annum."[1]  This rate is statutory and <u>non-discretionary</u>, and applies in relation to commercial transactions or where either of the parties to an agreement is a corporate entity.[2]  Interest is calculated from the day

---

[1]    Korean Commercial Act Art. 54, Exhibit "B" (emphasis added).
[2]    Decl. of Guan Joong Kim [Kim Decl.]  ¶ 7, Exhibit "1."

---

after the date that one party unreasonably fails to respond to a demand by another party for payment of damages,[3] which in this case is May 6, 2009 (the date after service of summons upon NCsoft).  *See* Executed Summons [D.E. 4.]

Plaintiff further seeks post-judgment interest at the rate allowed by 28 U.S.C. § 1961(a) on all damages against NCsoft, to run from the date the judgment is entered in this case until the damages are paid in full.  *Krieser v. Hobbs*, 166 F.3d 736, 745-46 (5th Cir. 1999).  The Court is provided this rate by the Director of the Administrative Office of the United States Courts, pursuant to Section 1961.

### D.    Attorneys' Fees and Costs

Plaintiff, as the prevailing party in this case, moves this Court to award him his costs in this case pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure.  Plaintiff will submit a Bill of Costs within the time allowed by the Federal Rules of Civil Procedure.

Plaintiff reserves his right to move this Court within the time allowed for an award of his attorneys' fees and related nontaxable expenses in this case, pursuant to the Federal Rules of Civil Procedure, the local rules of this Court, and this Court's order of April 16, 2010.  [D.E. 59.]

### III.    CONCLUSION

WHEREFORE, Plaintiff requests that the Court render judgment in accordance with the proposed Judgment attached hereto as Exhibit "2" and all other relief to which Plaintiff is justly entitled.

---

[3]    Kim Decl. ¶¶ 8-9, Exhibit "1."

---

Dated:  August 2, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.


By:  */s/ William Tommy Jacks*
      William Tommy Jacks
      Texas Bar No. 10452000
      jacks@fr.com

      One Congress Plaza, Suite 810
      111 Congress Avenue
      Austin, Texas 78701
      (512) 472-5070 (Telephone)
      (512) 320-8935 (Facsimile)

      Stephen E. Fox
      Texas Bar No. 07337260
      sfox@fr.com
      Kelly D. Hine
      Texas Bar No. 24002290
      hine@fr.com
      David B. Conrad
      Texas Bar No. 24049042

      1717 Main Street, Suite 5000
      Dallas, TX  75201
      (214) 747-5070 (Telephone)
      (214) 747-2091 (Facsimile)

      Attorneys for Plaintiff
      RICHARD GARRIOTT


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 2, 2010 on the following counsel of record via email:

Laura M. Merritt                                Attorneys for Defendant
Jason M. Storck                                 NCsoft Corporation
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy.
Las Cimas IV, Fifth Floor
Austin, Texas  78746-5546


                                */s/ William Tommy Jacks*
                                William Tommy Jacks

---

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**                      **Page 4**