IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD GARRIOTT, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. A-09-CA-357-SS |
| v. | § § | |
| NCSOFT CORPORATION, | § § | |
| | § | |
| Defendant. | § § | |

**DEFENDANT NCSOFT CORPORATION'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 54, Defendant NCsoft Corporation ("NCsoft" or the "Company") hereby submits this Response to Plaintiff's Motion for Entry of Judgment ("Plaintiff's Motion").

**I.    THE COURT SHOULD DENY PLAINTIFF'S MOTION AND ENTER JUDGMENT AS A MATTER OF LAW FOR DEFENDANT**

Plaintiff's Motion requests that the Court enter judgment for Plaintiff on his breach of contract claim in accordance with the jury's verdict. The Court should deny Plaintiff's Motion and enter judgment as a matter of law for NCsoft.

Plaintiff asserted four claims in this action – one claim for breach of contract, two claims for fraud, and one claim for negligent misrepresentation. *See* Plaintff's Original Complaint ("Complaint") ¶¶ 40-74. On July 28, 2010, NCsoft moved for judgment as a matter of law on all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 50(a). *See* Dkt. No. 156. The Court granted NCsoft's motion as to Plaintiff's claims for fraud and negligent misrepresentation, but reserved ruling on the breach of contract claim, which was submitted to the jury. On July 29, 2010, the jury returned a verdict for Plaintiff on his claim for breach of contract. *See* Dkt. No. 168.

As NCsoft has demonstrated in its renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), the jury did not have a legally sufficient evidentiary basis to find for Plaintiff on that claim. *See* Defendant NCsoft Corporation's

Renewed Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial, filed contemporaneously herewith ("Renewed Motion").  Therefore, because the Court has already ruled in NCsoft's favor on Plaintiff's claims for fraud and negligent misrepresentation, and because the jury did not have a legally sufficient evidentiary basis to find for Plaintiff on his breach of contract claim, the Court should enter judgment as a matter of law for NCsoft on all of Plaintiff's claims.  In the alternative, NCsoft requests that the Court order a new trial on Plaintiff's breach of contract claim only.  *See* Renewed Motion at 7.[1]

## II.     EVEN IF THE COURT ENTERS JUDGMENT FOR PLAINTIFF, IT SHOULD DENY HIS REQUEST FOR ATTORNEYS' FEES AND COSTS

Plaintiff's Motion also requests that the Court award him attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d).  The Court should deny this request because Plaintiff has not identified the fees and costs he actually seeks to recover.  Instead, Plaintiff merely asserts that he "will submit a Bill of Costs within the time allowed by the Federal Rules of Civil Procedure," and that he "reserves his right to move this Court within the time allowed for an award of his attorneys' fees and related nontaxable expenses in this case, pursuant to the Federal Rules of Civil Procedure, the local rules of this Court, and this Court's order of April 16, 2010."  *See* Plaintiff's Motion at 3.  This is insufficient as a matter of law.  *See, e.g.,* FED. R. CIV. P. 54(d)(2) (setting forth requirements for contents of motion for attorneys' fees); Local Rule CV-7(i) (same).  The Court should deny Plaintiff's request for this reason alone.

Moreover, NCsoft notes that the law of South Korea should govern any request for an award of attorneys' fees that Plaintiff might make.  In this Circuit, it is well-settled that "[t]he award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claim."  *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1302 (5th Cir. 1993) (law of

---

[1] In the event the Court denies NCsoft's Renewed Motion and enters judgment for Plaintiff in accordance with the jury's verdict, NCsoft reserves its right and intends to to move to alter or amend the judgment, or for a new trial, pursuant to and within the time allowed by Federal Rule of Civil Procedure 59, in order to address specific concerns regarding the jury's basis for the verdict.

Alaska governed request for attorneys' fees where law of Alaska governed underlying claim for breach of contract); *see also Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 73-74 (5th Cir. 1987) (Ilinois law governed request for attorneys' fees where Illinois law governed underlying claim for breach of contract; "the award of attorneys' fees in a diversity case depends on the law of the state whose rules govern the substantive claims.").  Here, the Court has previously ruled that South Korean law governs Plaintiff's claim for breach of contract.  *See* July 12, 2010 Order [Dkt. No. 127] at 5.  Therefore, South Korean law also governs the request for attorneys' fees that Plaintiff has made based on the jury's verdict in his favor on that claim.  *See Exxon Corp.*, 4 F.3d at 1302; *Kucel*, 813 F.2d at 73-74; *see also Herkner v. Agro-Tech Corp. Costa Mesa*, No. H-06-2491, 2008 WL 2838115, at *4 (S.D. Tex. July 21, 2008) (Ohio law governed request for attorneys' fees where, due to choice of law provision, Ohio law governed underlying claim for wrongful denial of severance benefits).

As NCsoft demonstrated in its Pretial Motion Pursuant to Federal Rule of Civil Procedure 44.1 ("Rule 44.1 Motion"), South Korean law provides that a plaintiff may recover only a <u>limited</u> amount of attorneys' fees, which is calculated according to a specific set of guidelines that have been established by the Supreme Court of South Korea.  *See* Rule 44.1 Motion [Dkt. No. 91] at 8.  NCsoft reserves the right to submit additional briefing on this issue in the event that Plaintiff files a fee request that complies with the Federal Rules of Civil Procedure and Local Rule CV-7(i).

## CONCLUSION

For all the foregoing reasons, and for the reasons set forth in NCsoft's Rule 50(b) Motion, NCsoft respectfully requests that the Court deny Plaintiff's Motion for Entry of Judgment. NCsoft also requests any additional relief, whether in law or equity, to which it may be justly entitled.

Dated: August 13, 2010

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By:    /s/ Laura M. Merritt
      Laura M. Merritt
      Texas Bar No. 00791252
      Jason M. Storck
      Texas Bar No. 24037559
      Clay Basser-Wall
      Texas Bar No. 24054189
      900 South Capital of Texas Highway
      Las Cimas IV, Fifth Floor
      Austin, Texas 78746-5546
      Telephone: 512.338.5400
      Facsimile: 512.338.5499

      Leo Cunningham
      California Bar No. 121605
      650 Page Mill Road
      Palo Alto, California 94304
      Telephone: 650.493.9300
      Facsimile: 650.493.6811

**ATTORNEYS FOR DEFENDANT NCSOFT CORPORATION**

## CERTIFICATE OF SERVICE

By my signature below, I certify that on this 13th day of August, 2010, in accordance with the Federal Rules of Civil Procedure, I served the foregoing Defendant NCsoft Corporation's Response in Opposition to Plaintiff's Motion for Entry of Judgment on counsel for Plaintiff, Stephen E. Fox (sfox@fr.com), Kelly D. Hine (kdh@fr.com), William Tommy Jacks (tzj@fr.com), John C. Sanders, Jr. (jsanders@fr.com), David Conrad (conrad@fr.com), Shelly Prim (prim@fr.com), and Dolores Puente (dzp@fr.com), at Fish & Richardson, via electronic mail.

/s/ Laura Merritt
Laura Merritt